JAMES F. McKAY III, Chief Judge.
| plaintiffs, Linus and Terralene Ig-bokwe, appeal the trial court’s judgment, which granted a motion for summary judgment and/or exception of res judicata and dismissed plaintiffs’ claims against defendants, Southbrook Christian Church (“Southbrook”) and Erie Insurance Company (“Erie”), with prejudice. For the reasons set forth below, we reverse and remand.
STATEMENT OF FACTS AND PROCEDURAL HISTORY
On April 5, 2007, Linus Igokwe was involved in an automobile accident with Joshua Moser (“Moser”). Plaintiffs filed a petition for damages in the Civil District Court for the Parish of Orleans alleging that Moser caused the accident while acting in the course and scope of his employment with Southbrook. The petition also named Southbrook and its insurer, Erie, as defendants.
Service of the petition for damages was properly made on Southbrook and Erie. However, upon finding that Moser, an Ohio resident, was not properly served pursuant to the Louisiana Long Arm Statute, the trial court rendered judgment on July 21, 2010, dismissing Moser, without prejudice. That judgment was not appealed.
[gOn July 29, 2010, plaintiffs filed a second petition for damages in the Civil District Court (“second action”) naming only Moser as a defendant. Somehow, the second action bears the same district court case number as the original petition and was date stamped on March 28, 2008, the date the original petition was filed. Moser was served with the second action. In response, Moser filed various exceptions, including prescription and insufficiency of service of process. On December 10, 2010, the trial court granted the exceptions and dismissed all claims asserted against Mos-er, with prejudice. The judgment was affirmed on appeal.[1]
With Moser dismissed from the case, Southbrook and Erie, the remaining defendants in the original action, filed a motion for summary judgment and/or exception of res judicata asserting that because Moser had been dismissed with prejudice, there is no factual or legal basis to hold South-brook liable under the doctrine of respon-deat superior, nor is there any basis for an action against Erie, as the insurer for Southbrook and Moser. Basing the motion for summary judgment on the doctrine of res judicata, defendants argued that because of Moser’s dismissal, all of plaintiffs’ causes of action arising out of the April 5, 2007 accident were extinguished as a matter of law pursuant to La. R.S. 18:4231.
The matter came for hearing on April 27, 2012, wherein the trial court ruled from the bench in favor of defendants. Judgment was rendered on May 11, 2012, granting the motion for summary judgment and/or exception of res judicata and | ^dismissing plaintiffs’ claims against Southbrook and Erie, with prejudice. This timely appeal followed.
The issue raised in this appeal is whether the trial court erred in granting summary judgment on the basis of res judica-ta. Plaintiffs assert that the trial court: 1) erred in granting the motion for summary judgment because an adjudication of the non-liability of Moser in the second action did not preclude a finding of Moser’s negligence in the original action; and 2) erroneously applied the doctrine of res judicata because Moser’s negligence was never actually litigated in the second action. As *730 explained below, we find merit in plaintiffs’ argument.
DISCUSSION

Summary Judgment

Appellate courts review the granting or denial of a motion for summary judgment de novo under the same criteria governing the district court’s consideration of whether summary judgment is appropriate. Greemon v. City of Bossier City, 2010-2828, 2011-0039, p. 6 (La.7/1/11), 65 So.3d 1263, 1267 (citing Schroeder v. Bd. of Supervisors of Louisiana State University, 591 So.2d 342, 345 (La.1991)). A summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B).[2]
If the court finds that a genuine issue of material fact exists, then summary judgment must be rejected. Martinez v. American Steelway Industries, L.L.C., 2009-0339, p. 3 (La.App. 4 Cir. 9/2/09), 20 So.3d 526, 528 (citing Oakley v. Thebault, 96-0937, p. 3 (La.App. 4 Cir. 11/13/96), 684 So.2d 488, 490). The burden of proof does not shift to the party opposing summary judgment until the moving party presents a prima facie case that no genuine issues of material fact exist. Id. At that point, if the opposing party “fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.” La. C.C.P. art. 966(C)(2). Summary judgment should then be granted. Martinez, 2009-0339, p. 4, 20 So.3d at 528 (citing Lomax v. Ernest Morial Convention Center, 2007-0092, pp. 2-3 (La.App. 4 Cir. 7/11/07), 963 So.2d 463, 465).

Res Judicata

The standard of review of an exception of res judicata requires an appellate court to determine if the trial court’s decision is legally correct or incorrect. R-Plex Enterprises, L.L.C. v. Desvignes, 2010-1337, p. 2 (La.App. 4 Cir. 2/9/11), 61 So.3d 37, 39 (citing Myers v. National Union Fire Ins., 2009-1517, p. 5 (La.App. 4 Cir. 5/19/10), 43 So.3d 207, 210). Moreover, it is well established that on an exception of res judicata, the burden is on the exceptor to prove the essential elements by a preponderance of the evidence. Guidry v. One Source Facility Serv., 2004-2007, p. 3 (La.App. 4 Cir. 4/27/05), 901 So.2d 626, 628.
The doctrine of res judicata precludes re-litigation of claims and issues arising out of the same factual circumstances when there is a valid final judgment. Insurance Co. of North America v. Louisiana Power & Light, 2008-1315, p. 5 (La.App. 4 Cir. 3/4/09), 10 So.3d 264, 267 (citing Avenue Plaza, L.L.C. v. Falgoust, 96-0173, pp. 4-5 (La.7/2/96), 676 So.2d 1077, 1079). It is designed to promote judicial efficiency and final resolution of disputes. Id.
| fiLa: R.S. 13:4231 sets forth the doctrine of res judicata in Louisiana as follows:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the *731 subject matter of the litigation are extinguished and merged in the judgment.
2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are the extinguished and the judgment bars a subsequent action on those causes of action.
3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
The Louisiana Supreme Court examined this doctrine and determined that based upon the language of the statute, five elements must be satisfied for a finding that a second action is precluded by res judicata: (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of the final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation. Chevron U.S.A., Inc. v. State, 2007-2469, p. 10 (La.9/8/08), 993 So.2d 187, 194.
In the present case, defendants argue that because plaintiffs’ cause of action against Moser was dismissed with prejudice by final judgment and extinguished as a matter of law, La. R.S. 13:4231(2) acts to bar any subsequent action for all causes of action existing at the time of the final judgment arising out of the transaction or occurrence that is the subject matter of the litigation. Based on the |/actual circumstances presented, we disagree with this application of the doctrine of res judi-cata.
It is well established that the doctrine of res judicata is stricti juris, thus, any doubt concerning the application of the principle must be resolved against its application. Kelty v. Brumfield, 93-1142, p. 7 (La.2/25/94), 633 So.2d 1210, 1215. See also Louisiana Workers’ Compensation Corp. v. Betz, 2000-0603 (La.App. 4 Cir. 4/18/01), 792 So.2d 763. A review of the jurisprudence also reflects that several courts have denounced the application of res judicata principles when the issues in the subject cases were never settled, litigated, or adjudicated. See Fine v. Regional Transit Auth., 95-2603 (La.App. 4 Cir. 6/26/96), 676 So.2d 1134, 1137; Schneidau v. Vanderwall, 2008-1274, pp. 5-6 (La.App. 5 Cir. 5/26/09), 17 So.3d 61, 64 (citing Billiot v. LeBeouf Brothers Towing Co., 93-1697 (La.App. 1 Cir. 6/24/94), 640 So.2d 826); Ortiz v. Ortiz, 01-1252, pp. 5-6 (La.App. 5 Cir. 05/15/02), 821 So.2d 35, 38; and Brouillard v. Aetna Cas. and Surety Co., 94-1559, p. 3 (La.App. 3 Cir. 5/10/95), 657 So.2d 231, 233.
In Schneidau, plaintiff sued Vanderwall and his insurer, Markel, for injuries allegedly sustained in a motor vehicle accident. At that time, Schneidau instructed the clerk of court to withhold service on Vanderwall. Pursuant to a motion for summary judgment on the basis of prescription, Markel was dismissed from the action, with prejudice. Following the dismissal of Markel, Schneidau moved for the appointment of a special process server to effect service on Vanderwall. Thereafter, Vanderwall filed exceptions of res judicata, insufficiency of service, and prescription. The trial court rendered judgment in favor of Vanderwall on the exception of res judicata. The appellate court reversed, finding that the trial court erred in granting the exception of res ju-dicata where Markel was dismissed on the |7basis of prescription, and the merits *732 of Schneidau’s damage claim against Van-derwall had never been litigated, determined, or adjudicated.
In Fine, this Court also recognized that the doctrine of res judicata should not apply where a plaintiffs alleged damages for personal injuries were not litigated or settled. Therein, we stated that “[t]he overruling of an exception of res judicata will lessen judicial efficiency and increase the need for litigation. Those harms are sometimes preferable to the loss of plaintiffs substantive rights without the merits being decided.” Fine, 95-2603, p. 5, 676 So.2d at 1137 (citing Mavromatis v. LouMar, Inc., 93-0379, 93-1212 (La.App. 4 Cir. 2/11/94), 632 So.2d 828, 832).
Applying these precepts to the case before us, we find that res judicata does not apply. The dismissal of Moser on procedural grounds, where no determination was made as to Moser’s negligence, should not bar plaintiffs from continuing to pursue Southbrook and Erie, both of which were properly and timely served in this action.
CONCLUSION
For the above and foregoing reasons, we conclude that a rigid application of res judicata to the facts of this case is not warranted. Accordingly, we reverse the trial court’s decision to grant summary judgment in favor of Southbrook and Erie on the basis of res judicata. The case is remanded for further proceedings consistent with this ruling.
REVERSED AND REMANDED

. Igbokwe v. Moser, 2011-0418 (La.App. 4 Cir. 9/1/11), unpub.

. We note that La. C.C.P. art. 966(B) was amended in 2012 to delete "on file.” However as this case was filed prior to the amendment, the former version is applicable.