TERRI F. LOVE, Judge.
| Nancy Cowan (“Ms. Cowan”) appeals the trial court’s judgment granting an exception of res judicata and dismissing her claims against J. Richard Kanueh (“Mr. Kanueh”) with prejudice. We find the doctrine of res judicata does not apply where the petitioner’s claims have never been settled, litigated, or adjudicated. For the reasons set forth below, the trial court’s judgment granting Mr. Kanuch’s exception on the basis of res judicata is reversed and the case is remanded for further proceedings in accordance with this opinion.

PROCEDURAL AND FACTUAL BACKGROUND

The present appeal arises from a tort claim Ms. Cowan filed in First City Court (“FCC”) in November 2009 for damages to her rental property by Mr. Kanueh, her former tenant.
Mr. Kanueh leased the premises located at 515 Bordeaux Street in New Orleans, Louisiana from Ms. Cowan in 2008. In September 2009, Mr. Kanueh moved out of the residence and filed suit against Ms. Cowan in October 2009, for personal injuries he allegedly sustained from a slip and fall at the leased premises. | Mr. Kanueh filed his suit in Orleans Parish Civil District Court (“CDC”), naming Ms. Cowan and her liability insurance carrier, Hartford Insurance Company and XYZ Insurance Company, as defendants. Mr. Ka-nuch’s personal injury suit was allotted to Division “G” before Judge Robin M. Giar-russo in CDC.
On November 20, 2009, Ms. Cowan, filed suit in FCC for .damages to her rental property against Mr. Kanueh. Ms. Cowan alleged that Mr. Kanueh “severely damaged the premises well beyond ordinary wear and tear.” She sought damages for necessary repairs caused by Mr. Kanuch’s breach of the lease agreement in addition to the diminished'value of the premises.
On November 19, 2009, Hartford Insurance Company filed an answer on behalf of itself and Ms. Cowan in Mr. Kanuch’s personal injury suit filed in CDC.[1] Meanwhile, Ms. Cowan attempted to serve Mr. Kanueh with her petition filed in FCC.[2] *556 Consequently, Ms. Cowan filed a reconven-tional demand in Mr. Kanuch’s CDC case on September 30, 2010,[3] seeking damages as a result of Mr. Kanuch’s breach of the lease agreement and damage to her rental property. Ms. Cowan’s reconventional demand was served on Mr. Kanuch through his attorney of record pin the CDC matter. She also filed a motion to transfer and consolidate the FCC and CDC cases. In December 2011, Mr. Kanuch filed an exception of prescription in his CDC case claiming that pursuant to La. C.C.P. art. 1067, Ms. Cowan’s reconventional demand had prescribed.
A hearing was held on the declinatory exception of prescription and the motion to transfer and consolidate. In March 2012, CDC Judge Giarrusso entered judgment granting Mr. Kanuch’s exception of prescription, dismissing Ms. Cowan’s recon-ventional demand with prejudice, and dismissed Ms. Cowan’s motion to transfer and consolidate without prejudice.[4] Ms. Cowan did not appeal the . March 2012 CDC judgment.
Thereafter, Ms. Cowan filed in FCC a motion to transfer.her suit for property damages against Mr. Kanuch from CDC back to FCC. The motion was granted on April 10, 2012. Having never successfully served on Mr. Kanuch the original FCC petition, Ms. Cowan resumed her attempts to effect service.[5] |4Presumably, at some point Mr. Kanuch was served with the petition because he filed an answer and reconventional demand in FCC on August 20, 2012.[6] Mr. Kanuch subsequently filed *557 a peremptory exception of prescription and an exception based on res judicata.
Ms. Cowan’s FCC case was set for trial and for hearing on Mr. Kanuch’s exceptions in September 2014. The trial court granted Mr. Kanuch’s exception of res ju-dicata and issued written reasons on September 17, 2014. The trial court found the March 2012 CDC judgments were final judgments pursuant tó La. C.C.P. arts. 1673 and 1841, from which Ms. Cowan could have sought an appeal.[7] The trial court concluded that because Ms. Cowan failed to seek such a remedy “she may not now have two bites at the apple simply because she is unsatisfied with the judgment in CDC.” The trial court further reasoned that it is without authority to supersede another court’s ruling, even a procedural ruling, based on an action arising out of the same set of operative facts. Therefore, the trial court dismissed with prejudice Ms. Cowan’s suit filed in FCC and granted Mr. Kanuch’s exception of res judicata. It is from this ruling that Ms. Cowan seeks appellate review.

\ STANDARD OF REVIEW

The standard of review of an exception of res judicata requires the reviewing court to determine whether the trial court’s ruling was legally correct or incorrect. Igbokwe v. Moser, 12-1366, p. 4 (La.App. 4 Cir. 4/24/13), 116 So.3d 727, 730, “[I]t is well-established that on an exception of res judicata, the burden is on the exceptor to prove the essential elements by a preponderance of the evidence.” Id., (citing Guidry v. One Source Facility Serv., 04-2007, p. 3 (La.App. 4 Cir. 4/27/05), 901 So.2d 626, 628). In Igbokwe, we recognized:
The doctrine of res judicata precludes re-litigation of claims and issues arising out of the same factual circumstances when there is a valid final judgment. Insurance Co. of North America v. Louisiana Power & Light, 08-1315, p. 5 (La.App. 4 Cir. 3/4/09), 10 So.3d 264, 267 (citing Avenue Plaza, L.L.C. v. Falgoust, 96-0173, pp. 4-5 (La.7/2/96), 676 So.2d 1077, 1079). It is designed to promote judicial efficiency and final resolution of disputes. Id.
Igbogwe, 12-1366, p. 4, 116 So.3d at 730.
La. R.S. 13:4231 provides the framework for application of res judicata as follows:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or' occurrence that is the ■ subject' matter of the litigation are extinguished and merged in thé judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
|fi(3) A judgment in favor of either the plaintiff or the defendant is conclusive, 1 in any subsequent action between them, with respect to any issue actually liti-s gated and determined if its determination was essential to that judgment.
*558 A party may not invoke res judica-ta unless all the requirements are met and established “beyond all question.” Myers v. Nat’l Union Fire Ins. Co. of Louisiana, 09-1517, p. 6 (La.App. 4 Cir. 5/19/10), 43 So.3d 207, 211. To preclude a second action under res judicata: (1) the judgment must be valid; (2) the judgment must be final; (3) the parties must be the same; (4) the causes of action asserted in the second suit existed at the time of the final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation. Id. (quoting Burguieres v. Pollingue, 02-1385, p. 8 (La.2/25/03), 843 So.2d 1049, 1053).
Here, Mr. Kanuch avers that the allegations raised in Ms. Cowan’s petition in FCC are identical to those made in her reconventional demand. Therefore, Mr. Kanuch contends that because Ms. Co-wan’s reconventional demand was dismissed with prejudice by final judgment by Judge Giarrusso in CDC, La. R.S. 13:4231(2) acts to bar Ms. Cowan’s tort claims filed in FCC. Given the factual circumstances presented in this case, we disagree with the trial court’s finding that res judicata applies.

EXCEPTIONS TO DOCTRINE OF RES JUDICATA

According to La. R.S. 13:4232, a judgment does not bar another action by the plaintiff:
(1) When exceptional circumstances justify relief from the res judicata effect of the judgment;
(2) When the judgment dismissed the first action without prejudice; or
|7(3) When the judgment reserved the right of the plaintiff to bring another action.
Further, “[according to the official comment, [La. R.S. 13:4232] gives a court the authority to exercise its equitable discretion to balance the principle of res judi-cata with the interests of justice.” Fine v. Regional Transit Auth., 95-2603, p. 4 (La.App. 4 Cir. 6/26/96), 676 So.2d 1134, 1136 (citing Jenkins v. State, 615 So.2d 405, 406 (La.App. 4th Cir.1993)).
The “doctrine of res judicata is stricti juris, thus, any doubt concerning the application of the principle must be resolved against its application.” Igbokwe, 12-1366, p. 6, 116 So.3d at 731; Schneidau v. Vanderwall, 08-1274, p. 5 (La.App. 5 Cir. 5/26/09), 17 So.3d 61, 64 (“If there is any doubt as to its applicability, the exception must be overruled”). Additionally, our jurisprudence demonstrates that courts have previously declined to apply the principles of res judicata where the issues in the subject cases were never settled, litigated, or adjudicated. Id.; See also Fine, 95-2603, p. 5-6, 676 So.2d at 1137; Schneidau, 08-1274, p. 5-6, 17 So.3d at 64; Ortiz v. Ortiz, 01-1252, p. 5-6 (La.App. 5 Cir. 5/15/02), 821 So.2d 35, 38; and Brouillard v. Aetna Cas. & Surety Co., 94-1559, p. 3 (La.App. 3 Cir. 5/10/95), 657 So.2d 231, 233.
In Fine, the plaintiffs insurer obtained a judgment in a subrogation action against the transit authority and the bus driver to recover benefits paid to the plaintiff for damage to the plaintiffs vehicle. Thereafter, the plaintiff brought an action against the transit authority and the bus driver to recover for personal injuries. The defendants filed an exception of res judicata, which the trial court maintained. The plaintiff claimed that the subrogation suit was filed without his knowledge and the record was void of any evidence that he received the deductible |sfrom the settlement amount. On appeal, we found the trial court erred in granting the exception *559 where the plaintiffs alleged damages for personal injuries were not litigated or settled.
Likewise, in Igbokwe the plaintiffs were in an automobile accident with another driver, who the plaintiffs alleged was acting in the course and scope of his employment. The plaintiffs filed suit for damages against the driver, the driver’s employer, and its insurer. Proper service of the petition was made on the employer and its insurer; however, plaintiffs’ petition against the driver was not properly served. The trial court dismissed the driver without prejudice. The plaintiffs then filed a separate action that named only the driver, which the trial court dismissed with prejudice based on prescription and insufficiency of service of process.
The defendant employer and its insurer in the original action filed a motion for summary judgment and/or exception of res judicata because the driver was dismissed with prejudice. The trial court granted the defendants’ motion and/or exception and dismissed with prejudice plaintiffs’ claims against defendants.
On appeal, this Court found that dismissal of the driver “on procedural grounds, where no determination was made as to [the driver’s]' negligence, should not bar plaintiffs from continuing to pursue [the employer and its insurer], both of which were properly and timely served....” Id., 12-1366, p. 7, 116 So.2d at 732.
In Igbokwe, we recognized that under La. R.S. 13:4232(1) res judicata should not apply where a plaintiffs alleged damages were not litigated or settled. Citing Fine, we noted that “[t]he overruling of an exception of res judicata will lessen judicial efficiency and increase the need for litigation. [However, t]hose harms are sometimes preferable to the loss of plaintiffs substantive rights without the merits being decided.” Id., Fine, 95-2603, p. 5, 676 So.2d at 1137; See also Mavromatis v. Lou-Mar, Inc., 93-0379, 93-1212 (La.App. 4 Cir. 2/11/94), 632 So.2d 828, 832.
Although we make no determination as to Ms. Cowan’s claims that Mr. Kanuch received a “final judgment” in CDC through ill practices (i.e. dodging service), we note that this case presents exceptional circumstances that justify barring a strict application of res judicata. The record reflects the on-going difficulty Ms. Cowan experienced in trying to serve Mr. Kanuch with the original FCC petition.[8] Ms. Cowan avers that due to this quandary and not wanting Mr. Kanuch to continue to ignore her tort claim, she also filed a reconventional demand in Mr. Ka-nuch’s personal injury matter in CDC.[9] The reconventional demand was ultimately served on Mr. Kanuch’s counsel of record *560 in the CDC matter. In response, Mr. Kanueh filed an exception of prescription under La. C.C.P. art. 1067, which the trial judge granted in its March 2012 judgment.
We find that Ms. Cowan’s reconventional demand was dismissed on procedural grounds, where 1 no determination was made as to Mr. Kanuch’s liability for damages to Ms. Cowan’s rental property. Further, because Mr. Kanueh was neyer served with Ms..Cowan’s original FCC petition (despite Ms. Cowan’s efforts), when the exception was granted, Ms. Cowan’s FCC claim against Mr. Kanueh has never been litigated, determined, or adjudicated.
|inWe find that under the circumstances presented, the loss of Ms. Cowan’s substantive rights without the merits being decided “outweighs the need for judicial economy and for protection against the burdens of litigation.” Fine, 95-2603, p. 5, 676 So.2d at 1137. In light of the precepts set forth in Igbokwe and others, we find res judicata should not bar Ms. Cowan’s petition for damages filed in FCC in this particular case.
Even if the facts of this case did not constitute exceptional circumstances under La. R.S. 13:4232(1), we find the facts presented rise to a level of “-doubt concerning the application of res judicata that must be resolved against its application.” Igbokwe, 12-1366, p. 6, 116 So.3d at 731.
La. R.S. 13:4232(3) provides that a judgment will not bar another action “[w]hen the judgment reserved the right of the plaintiff to bring another action.” The trial judge in CDC dismissed with prejudice Ms. Cowan’s reconventionál demand on procedural grounds. Notably,- in the same judgment Ms. Cowan’s motion to transfer and consolidate the FCC and CDC cases was dismissed without prejudice. We find the CDC judgment, on its face, establishes doubt that rises to a level that application of res judicata must be resolved against its application.
Mr. Kanueh contends that because the trial judge dismissed with prejudice Ms. Cowan’s reconventionál demand, the motion to transfer and consolidate was moot. Thus, Mr. Kanueh suggests that it did not matter what decretal language the trial judge used; Ms. Cowan’s tort claim in CDC and FCC was extinguished by final judgment. Mr. Kanueh claims that there is no doubt as to the intended effect of the CDC judgment because FCC cannot revisit an issue upon which a-trial judge in CDC has already ruled. At the hearing in FCC, Mr. Kanueh argued that to do so |nwould permit FCC to assume an appellate court role. The trial court ultimately agreed granting the exception of res judicata.
Although we agree that FCC has no authority to revisit issues already ruled upon by a trial judge in CDC, we do not find the facts of this case present such a scenario. The issue before the trial judge in CDC was whether Ms. Cowan’s recon-ventional demand was timely filed. In that Ms. Cowan’s petition for damages was timely filed in FCC in November 2009, we find that FCC is not called upon' to revisit an issue already considered by a judge in CDC. Therefore, we find this argument lacks merit.
Conversely, Ms. Cowan avers that the trial judge in CDC did not intend to dismiss Ms. Cowan’s cause of action filed in FCC when her reconventionál demand was dismissed with prejudice. She claims that the' trial judge only intended to dismiss with prejudice her reconventionál demand because as a procedural matter the action prescribed.- That ruling, she asserts, was a final judgment only barring her from raising her tort claim in Mr. Kanuch’s personal injury suit. In support of her contention, Ms. Cowan notes that the motion to transfer and consolidate was dis *561 missed without prejudice. Had the trial judge in CDC intended to prevent her from raising her tort claim all together (i.e. in CDC or FCC), the trial judge would have used the same decretal language as used in the dismissal of her reconventional demand. Therefore, she claims the doctrine of res judicata should not apply to her cause of action filed in FCC.
It is undisputed that the trial judge issued its March 2012 CDC judgment without written reasons. Likewise, neither party requested written reasons, clarification, or amendment to the judgment. Therefore, the only evidence before this Court with respect to the March 2012 CDC judgment is the judgment itself. 112While. the judgment expressly dismisses the reconventional demand with prejudice, it creates an ambiguity in that the motion to transfer and consolidate was not also dismissed with prejudice. Without knowing the trial court’s reasonings for judgment, this ambiguity at the very least suggests the possibility that the trial court intended to reserve Ms. Cowan’s substantive rights.
We find the ambiguity of the CDC judgment creates doubt that rises to a level that application of res judicata must be resolved against its application. Igbokwe, 12-1366, p. 6, 116 So.3d at 731. Therefore, we find even if this case failed to present exceptional circumstances, which we find it does, Mr. Kanuch’s exception of res judi-cata must be overruled.
Finally, Ms. Cowan filed a motion to strike appellee’s oral argument and/or for sanctions in this Court; the motion is denied.

CONCLUSION

We find that application of the doctrine of res judicata in light of the facts presented in this case 'is not warranted pursuant to La. R.S. 13:4232(1) and (3). Therefore, we reverse the trial court’s decision to grant Mr. Kanuch’s exception of res judi-cata. The case is remanded for further proceedings consistent with this ruling.
REVERSED AND REMANDED

. The record does not indicate when Ms. Co-wan became aware of the suit filed in CDC or when she learned that her insurance carrier filed an answer on her behalf.

. On November 24, 2009, the clerk of court for FCC issued a citation of service to be made on Mr. Kanueh at his place of employment, Scheuermann & Jones, 909 Poydras Street, Suite 2556, New Orleans, La. 70112. The citation reflects that on December 23, 2009, and December 29, 2009, service was attempted; however, the citation was returned on December 29, 2009, unserved with Deputy Constable Curtis L. Davis' remarks; "moved out.”
On January 4, 2010, FCC reissued the citation of service to be made on Mr. Kanueh at ,701 Poydras Street, New Orleans, La. The citation of service notes Deputy Constable Davis’ remarks: "never here.” On January 29, 2010, Ms. Cowan then filed a motion seeking the appointment of a special process server.
*556 Subsequent to the dismissal of Ms. Cowan's reconventional demand in CDC, she resumed her efforts to serve Mr. Kanuch with her original FCC petition. See footnote 5.

. The trial court's written reasons state the reconventional demand was filed on September 3, 2010; however, pleadings found in the record suggest it was filed on September 30, 2010.

. In that the present appeal arises from Ms. Cowan’s petition filed in FCC, the record before us does not include the CDC record or specific pleadings the parties reference in their appellate briefs.

; On April 10, 2012, Ms. Cowan sought duplicate service of the original petition from the cleric of court in FCC for Mr. Kanuch, (of counsel at), Scheuermann & Jones, LLC, 701 Pbydras Street, Suite 4100, New Orleans, La., 70130. The citation was received on April 18, 2012, and it was returned, unserved, on May 3, 2012, after “[three] due and diligent attempts,” signed by Deputy Constable Curtis L. Davis. An unsigned handwritten note dated May 3, 20Í2 was attached to the citation that stated; “Richard Kanuch is an independent attorney. He has been out of the office, [sic] and no one can accept service for him.” On May 30, 2012, "the citation was reissued to personally serve Mr. Kanuch in open court on June 1, 2012, at oral argument in case no. 2012-2213, Division “C” of CDC. The citation was returned June 13, 2012, unserved, after three due and diligent attempts.
The record contains an unaddressed letter dated June 8, 2012, from the offices of Scheuermann & Jones, LLC indicating Mr. Kanuch’s status as an independent attorney and that the firm's receptionist is “not authorized to accept service on his behalf per instructions from L. Blake Jones.” On June 21, 2012, a duplicate citation was issued to serve Mr. Kanuch at 701 Poydras Street, Suite 4100, New Orleans, La„ 70130. The citation was returned the same day with the remarks, "Drop Serve,” signed by Deputy Constable A. Davis. On August 9, 2012, a duplicate citation was issued to serve Mr. Kanuch in open court on August-10, 2012, at oral argument in case no. 2012-2213, Division "C” of CDC, It was returned on August 10, 2012, unserved, and signed by Deputy Constable Curtis L. Davis.

. Additionally, Mr. Kanuch filed pro se two motions for extension of time to file responsive pleadings on June 28, 2012, and August 1, 2012, stating that "... he was allegedly served with petitioner’s Petition for Damages on June 1, 2012; that defendant needs additional time within which to more fully investigate the allegations set forth in said petition and to prepare an appropriate response thereto and to the alleged service of process.”

. We note that the March 2012 CDC judgment is not before this Court on appeal; however, insofar as the trial court’s granting of the exception, including its written reasons for judgment relies on it, we review the CDC judgment in the present appeal.

. On November 24, 2009 the clerk of court for FCC issued a citation of service to be made on Mr. Kanuch at his place of employment, Scheuermann & Jones, 909 Poydras Street, Suite 2556, New Orleans, La. 70112, The citation reflects that on December 23, 2009, and December 29, 2009, service was attempted; however, the citation was returned on December 29, 2009, unserved with Deputy Constable Curtis L. Davis' remarks; "moved out.”
On January 4, 2010, FCC reissued the citation of service to be made on Mr. Kanuch at 701 Poydras Street, New Orleans, La. The citation of service notes Deputy Constable Davis' remarks: "never here.” On January 29, 2010, Ms. Cowan then filed a motion seeking the appointment of a special process server.
Subsequent to the dismissal of Ms. Cowan’s reconventional demand in CDC, she resumed her efforts to serve Mr. Kanuch with her original FCC petition. See footnote 4.

. Ms, Cowan filed her reconventional demand at the same time she continued attempting service of her original FCC petition.