IN RE: PRECEPT CREDIT     *     NO. 2022-CA-0067
OPPORTUNITIES FUND, L.P.
PRAYING FOR MONITION     *

                 COURT OF APPEAL

    *

                 FOURTH CIRCUIT

    *

                 STATE OF LOUISIANA

        * * * * * * *

**CONSOLIDATED WITH:**         **CONSOLIDATED WITH:**

**SUZETTE LAWRENCE**         **NO. 2022-CA-0068**
**REYNOLDS**

**VERSUS**

**PCOF PROPERTIES**


APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2018-08966, DIVISION "N-8"
Honorable Ethel Simms Julien, Judge
* * * * * *
**Judge Daniel L. Dysart**
* * * * * *

(Court composed of Judge Daniel L. Dysart, Judge Dale N. Atkins, Judge Pro
Tempore James F. McKay, III)


John A. E. Davidson
DAVIDSON & DAVIDSON, APLC
5000 W. Esplanade Ave
Suite A#284
Metairie, LA 70006


     COUNSEL FOR PLAINTIFF/APPELLANT


James E. Uschold

Mark J. Boudreau
JAMES E. USCHOLD, PLC
700 Camp Street, Suite 317
New Orleans, LA 70130

COUNSEL FOR DEFENDANT/APPELLEE

AFFIRMED
SEPTEMBER 16, 2022

DLD
DNA
JFM

Appellants, Suzette Lawrence Reynolds, Leslie Lawrence Adams, Kim Lawrence Vanderson, and Henry Lawrence, III, (collectively "the Lawrence heirs") seek review of a November 10, 2021, trial court judgment sustaining Appellee's, Precept Credit Opportunities Fund, L.P. (PCOF), Exceptions of Peremption and Res Judicata, denying Appellants' Motion for Summary Judgment, and dismissing Appellants' nullity actions with prejudice. For the following reasons, we affirm the judgment of the trial court.

## PROCEDURAL AND FACTUAL BACKGROUND

On March 10, 2015, PCOF purchased a tax sale certificate for unpaid 2013 and 2014 ad valorem taxes on the property bearing the municipal address of 5732 Baccich Street, New Orleans, Louisiana 70122. PCOF recorded the certificate on April 20, 2015, commencing a three-year redemption period. At that time, Harriet Lawrence, the mother of the Lawrence heirs, was deceased. Henry Lawrence, the Lawrence heirs' father, died on June 5, 2018. On September 7, 2018, after the redemption period expired without redemption, PCOF filed a Petition for Monition, praying that the tax sale be homologated and that PCOF's title to and

1

full ownership of the property be confirmed. Pursuant to La. R.S. 47:2271, *et seq*, PCOF identified each of the Lawrence heirs, mailed notice of the monition proceedings to each Lawrence heirs' last known address, and timely published the monition in the official journal of Orleans Parish. No opposition to PCOF's Petition for Monition was filed during the applicable six-month delay. Consequently, on April 24, 2019, the district court signed a Judgment Confirming Title and Homologating Tax Sale in favor of PCOF. The Lawrence heirs did not appeal this judgment.

On May 17, 2019, the Lawrence heirs filed an action to annul both the monition judgment and the tax sale. PCOF filed Exceptions of Peremption and Res Judicata. In turn, the Lawrence heirs filed oppositions to the PCOF exceptions as well as a Motion for Summary Judgment on their nullity action. The trial court initially ruled in favor of the Lawrence heirs, finding that the tax sale was absolutely null for lack of pre-sale notice. However, on cross-motions for new trial, the trial court reversed this decision, sustained PCOF's Exceptions of Peremption and Res Judicata, denied the Lawrence heirs' Motion for Summary Judgment, and dismissed the Lawrence heirs' nullity action with prejudice, finding that the absolute nullity of tax sales no longer exists under Louisiana law. A final judgment was entered on November 10, 2021, and the Lawrence heirs timely appealed.

## STANDARD OF REVIEW

"A peremptory exception generally raises a purely legal question." *Wells Fargo Fin. La., Inc. v. Galloway*, 17-0413, p. 7 (La. App. 4 Cir. 11/15/17), 231 So.3d 793, 799-800. Appellate courts review Peremptory Exceptions of Peremption under the manifest error-clearly wrong standard. *Lomont v. Bennett*,

14-2483, p. 8 (La. 6/30/15), 172 So.3d 620, 627. If the Appellate Court determines the that trial court's findings are reasonable in light of the record, "[it] cannot reverse even though [it is] convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *Id* at 627.

"The standard of review of a peremptory exception of res judicata requires an appellate court to determine if the trial court's decision is legally correct or incorrect." *BBCL Entrs., LLC v. American Alt. Ins. Corp.*, 15-0469, p. 3 (La. App 4 Cir. 2/3/16) 187 So.3d 65, 67 (quoting *Myers v. Nat'l Union Fire Inc. So. of Louisiana*, 09-1517, p. 5 (La. App. 4 Cir. 5/19/10), 43 So.3d 207, 210). Factual issues are reviewed on a manifest error/clearly wrong basis. *BBCL Entr.s, LLC*, 187 So.3d at 67 (citing *Countrywide Home Loans Serv., LP v. Thomas*, 12-1304, p. 3 (La. App. 4 Cir. 3/20/13), 113 So.3d 355, 357).

"Appellate courts review summary judgments under the *de novo* standard of review, using the same standard applied by the trial court in deciding the motion for summary judgment; as a result, we are not required to analyze the facts and evidence with deference to the judgment of the trial court or its reasons for judgment." *Precept Credit Opportunities Fund, L.P. v. Elmore*, 21-0502, (La. App. 4 Cir. 2/20/22), 338 So.3d 87, 89-90, (citing *Smith v. State*, 18-0197, p. 3 (La. App. 4 Cir. 1/9/19), 262 So.3d 977, 980). "After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(A)(3).

## DISCUSSION

On appeal, the Lawrence heirs argue that the trial court erred by sustaining PCOF's Exceptions of Peremption and Res Judicata, denying their Motion for Summary Judgment, and dismissing their nullity action with prejudice. The Lawrence heirs assert five assignments of error:

1. Post-sale notice does not cure the Constitutional entitlement to pre-sale notice;

2. Under the amendment to La. R.S. 47:2153, taxing authorities must cancel a tax sale in the absence of actual notice or proof of a reasonable effort to provide notice after performing research before the sale. Although Harriet Watson Lawrence was deceased at the time of the tax sale, she was still the record owner and survived by appellees;

3. Without service of process, a court has no jurisdiction to render a judgment against any person. A judgment does not cure an absolute nullity, such as lack of pre-sale notice of a tax sale. A monition proceeding is subject to the court's rules of civil procedure. The failure to serve notice of judgment leaves the monition judgment subject to a motion for new trial as it is not final;

4. The City of New Orleans, as tax collector, has no authority to delegate its constitutional duty to provide notice of delinquency to tax payers; and

5. The Affidavit of Ann Marie Sledge, an employee of Archon Information Systems was accepted by the trial court concerning her assertions of knowledge of the City of New Orleans notice procedures and the transmission of tax notices from Temecula, California without explaining how such notices became City records. The Affidavit should have been stricken.

4

This Court has recently addressed the exact arguments made in errors two, four, and five. *See Elmore*, 21-0502, 338 So.3d 87. We agree with the *Elmore* Court's ruling on these issues. Accordingly, we find no merit to errors two, four, and five, and we pretermit any further discussion of said errors. Moreover, in order to reach a substantive discussion on the merits of the Lawrence heirs' remaining assignments of error, this Court must first address whether the trial court properly sustained PCOF's Exceptions of Peremption and Res Judicata.

### Exception of Peremption

"Tax sales are subject to a three-year redemption period which runs from the date the tax sale deed is recorded. La. Const. Art. 7, § 25(B). The redemption period is peremptive." *Succession of Caldarera v. Zeno*, 09-1397, p. 6 (La. App. 4 Cir. 7/16/10), 43 So.3d 1080, 1085 (citing *Harris v. Estate of Fuller*, 532 So.2d 1367, 1369 (La. 1988)). Peremptive periods can be neither suspended nor interrupted. *Id.*, *see also* La. C.C. art. 3461.

A petition for Monition may be filed after the peremptive period expires to protect the acquiring person from eviction. La. R.S. 47:2271. Louisiana Revised Statute 47:2275 states in pertinent part that:

> "[T]he petitioner shall send a written notice to all tax sale parties whose interest the petitioner intends to be terminated….[W]ritten notice shall provide that the parties have until…[s]ix months after the first publication of the notice…if the proceeding is brought less than five years after filing the tax sale certificate….This written notice shall be sufficient, and it shall not be necessary to determine whether ***any [other] notice of tax sale or other notices*** were given." [emphasis added]

La. R.S. 47:2275.

Here, PCOF recorded the tax sale certificate on April 20, 2015, triggering the start of a peremptive redemption period which expired on April 20, 2018.

Harriet and Henry Lawrence were the record owners at the time of the tax sale as well as when PCOF recorded the tax certificate, although Harriet had predeceased the tax sale. On September 17, 2018, after the redemptive period expired without redemption by Henry Lawrence or any of the Lawrence heirs, PCOF filed a Petition for Monition, praying that the tax sale be homologated and that PCOF's title to and full ownership of the property be confirmed. All parties were properly noticed on October 11, 2018, and PCOF's Monition was granted thereafter in accordance with the statutory six-month delay.

It is uncontested that neither Henry Lawrence nor the Lawrence heirs redeemed the tax sale prior to April, 20, 2018. Because the peremptive period expired without redemption and PCOF's monition was granted without opposition after all interested parties were duly notified in accordance with La. R.S. 47:2275, et seq, the trial court's judgment sustaining PCOF's Peremptory Exception of Peremption is neither clearly wrong nor manifestly erroneous. Therefore, we affirm the judgment as to the sustained Exception of Peremption.

### Exception of Res Judicata

After the Lawrence heirs failed to redeem the property within the three-year peremptive period, and after a valid and final judgment was issued granting PCOF's unopposed Petition for Monition, the Lawrence heirs brought an action to annul both the monition judgment and the tax sale.

"The doctrine of res judicata precludes re-litigation of claims and issues arising out of the same factual circumstances when there is a valid final judgment." *BBCL Enterprises, LLC*, 187 So.3d at 68 (citing *Igbokwe v. Moser*, 12–1366, p. 4 (La. App. 4 Cir. 4/24/13), 116 So.3d 727, 730). "It is designed to promote judicial efficiency and final resolution of disputes." *Id*. "[I]t is well established that on an

6

exception of res judicata, the burden is on the exceptor to prove the essential elements by a preponderance of the evidence." *Id.*

La. R.S. 13:4231 states in pertinent part:

(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.

(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

In *Igbokwe*, the Louisiana Supreme Court found that five elements must be present for a party to prevail on its *res judicata* claim:

(1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of the final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation.

*Id.* at 68 (citing *Igbokwe*, 12-1366, p. 5, 116 So.3d at 731).

The record indicates that each element required for PCOF to prevail on its res judicata exception was present. The Lawrence heirs' annulment action was barred because the trial court's monition judgment was valid, final, and between the same parties. Furthermore, the causes of action asserted by the Lawrence heirs existed at the time the monition judgment became final. At that time, the Lawrence heirs could have appealed the judgment, sought to annul the monition, and/or sought to annul the tax sale. None of these actions were taken. Instead, the Lawrence heirs filed their action to annul the monition judgment and tax sale nearly one month after the unopposed, final judgment was entered on the monition petition and more than four years after the tax certificate was purchased by PCOF.

7

Moreover, the Lawrence heirs' annulment actions undeniably arose out the same transaction or occurrence that was the subject matter of the monition judgment, that action being PCOF's purchase of the tax certificate and the filing of PCOF's Petition for Monition. Therefore, we find that the trial court's judgment sustaining PCOF's Exception of Res Judicata is neither manifestly erroneous nor clearly wrong. Accordingly, we affirm the judgment as to the sustained Exception of Res Judicata.

### *Motion for Summary Judgment*

Because we find that the trial court's judgment sustaining PCOF's Exceptions of Peremption and Res Judicata was neither clearly wrong nor manifestly erroneous, the trial court properly denied the Lawrence heirs' Motion for Summary Judgment on the annulment actions. The arguments made in the Lawrence heirs' Motion for Summary Judgment are either res judicata are perempted, as indicated by the judgment sustaining PCOF's Exceptions. Therefore, we affirm the trial court's judgment denying of the Lawrence heirs Motion for Summary Judgment.

### *Lawrence Heirs' Remaining Assignments of Error*

Considering this Court's findings, the Lawrence heirs' remaining assignments of error are moot and, as such, we decline any further discussion of said errors.

### CONCLUSION

For the foregoing reasons, we affirm the trial court's November 10, 2021 judgment sustaining PCOF's Exceptions of Peremption and Res Judicata, denying

the Lawrence heirs' Motion for Summary Judgment, and denying the Lawrence heirs' nullity actions with prejudice.

**AFFIRMED**