# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 24-182

KRAIG T. STRENGE

VERSUS

ABC INSURANCE CO., ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20220225
HONORABLE LAURIE A. HULIN, DISTRICT JUDGE

**********

## ELIZABETH A. PICKETT
### CHIEF JUDGE

**********

Court composed of Elizabeth A. Pickett, Guy E. Bradberry, and Wilbur L. Stiles, Judges.

**AFFIRMED.**

**James H. Gibson**
**Gibson Law Partners, LLC**
**Post Office Box 52124**
**Lafayette, LA 70505**
**(337) 761-6023**
**COUNSEL FOR PLAINTIFF- APPELLANT:**
     **Kraig T. Strenge**

**Michael P. Bienvenu**
**Kinchen, Walker, Bienvenu, Bargas,**
**Reed & Helm, L.L.C.**
**8550 United Plaza Boulevard, Suite 202**
**Baton Rouge, LA 70809**
**(225) 292-6704**
**COUNSEL FOR DEFENDANT- APPELLEE:**
  **Cartavious Whitlock**

**Adam G. Young**
**Meade Young, LLC**
**556 Jefferson Street, Suite 200**
**Lafayette, LA 70501**
**(337) 534-0200**
**COUNSEL FOR DEFENDANT- APPELLEE:**
  **Cartavious Whitlock**

**Stephen R. Barry**
**James J. Young, IV**
**Barry Rome & Scott**
**612 Gravier Street**
**New Orleans, LA 70130**
**(504) 525-5553**
**COUNSEL FOR DEFENDANT- APPELLEE:**
  **Geico Indemnity Company**

**PICKETT, Judge.**

The plaintiff appeals the trial court's judgment granting the defendants' exception of res judicata. We affirm.

## FACTS

On January 15, 2021, an automobile accident occurred between two vehicles on Johnston Street in Lafayette involving a vehicle driven by Kraig Strenge and a motorcycle driven by Cartavious Whitlock. Mr. Whitlock filed suit against Mr. Strenge and his insurer to recover damages for injuries he sustained in the accident. On January 13, 2022, the parties agreed to a mediation settlement. The next day Mr. Strenge filed a separate suit against Mr. Whitlock to recover damages he allegedly sustained in the accident. On March 7, 2022, an ex parte judgment filed by Mr. Whitlock dismissed the case "with prejudice." Another judgment dismissing Mr. Whitlock's suit "with full prejudice to all the rights of Plaintiff was signed on March 29, 2022."

Mr. Strenge initially withheld service of his petition on Mr. Whitlock. Then, on March 30, 2022, he amended his petition to name Mr. Whitlock's insurer, GEICO Indemnity Company (GEICO), as a defendant. After being served with the suit, Mr. Whitlock filed exceptions of insufficiency of service and res judicata seeking dismissal of Mr. Strenge's suit and sanctions pursuant to La.Code Civ.P. art. 863(D). Thereafter, GEICO filed an answer to Mr. Strenge's suit and an exception of res judicata. After conducting a hearing on the defendants' exceptions, the trial court sustained their exceptions of res judicata and dismissed Mr. Strenge's suit "with full prejudice." Mr. Strenge filed a motion for new trial on the defendants' exceptions of res judicata, which the trial court denied after a hearing. Mr. Strenge appealed the trial court's judgments granting the defendants' exceptions of res judicata and denying his motion for new trial.

## ASSIGNMENT OF ERRORS

Mr. Strenge assigns the following errors with the trial court's judgments:

1) The trial court erred in limiting and/or excluding testimony and evidence offered in opposition to a peremptory exception.

2) The trial court erred in failing to apply the doctrine of *res judicata* as *stricti juris*, and, thus, failed to recognize any doubt against its application.

3) The trial court erred in sustaining Defendants' Exceptions of Res Judicata and Motions to Dismiss.

4) The trial court erred in denying Plaintiff's Motion for New Trial.

## DISCUSSION

*Evidentiary Issues*

Mr. Strenge first argues the trial court erred in not allowing him to introduce into evidence emails dated January 12 and 13, 2022, which outline the mediated settlement agreed to by the parties and two Receipt and Release of All Claims Hold Harmless and Indemnity Agreements executed by Mr. Whitlock on March 9, 2022, one with Mr. Strenge personally and the other with Mr. Strenge's insurer. Mr. Strenge argues the trial court was overly restrictive in not allowing him to introduce those documents and not considering them in his defense of the exception of res judicata. These documents pertain to Mr. Strenge's assertions that exceptional circumstances in this case excuse his failure to assert his claims against Mr. Whitlock in Mr. Whitlock's suit against him because he filed his suit against Mr. Whitlock and his insurer before prescription accrued on his claims.

We reviewed these documents and find no error with the trial court's refusal to admit them into evidence. As argued by the defendants, the emails are hearsay. The statements therein were made by someone other than Mr. Strenge, and the creators of the emails did not appear and testify at trial. La.Code Evid. art. 801(C).

Moreover, neither the emails nor the settlement agreements include a reservation of rights for Mr. Strenge to pursue the claims at issue herein.

Mr. Strenge further argues the trial court gave "preference" to the March 7, 2022 judgment of dismissal rather than the March 29, 2022 judgment. The March 29, 2022 judgment was signed by all counsel, while the March 7 judgment was signed by Mr. Whitlock's counsel alone. Additionally, the March 29, 2022 judgment modified the language of the March 7 judgment from being "dismissed with prejudice" to being "finally dismissed with prejudice to all of the rights of Plaintiff. The only claims asserted in Mr. Whitlock's suit were the claims he asserted against Mr. Strenge and his insurer. Thus, we find the revised language of the March 29, 2022 judgment of dismissal did not modify the legal effect of the March 7, 2022 judgment of dismissal. It would be different if the March 29, 2022 judgment was modified to reserve Mr. Strenge's claims against Mr. Whitlock, but it was not.

### Res Judicata

In their exceptions of res judicata, the defendants argue the claims Mr. Strenge now asserts as plaintiff should have been asserted in a reconventional demand in Mr. Whitlock's suit and, because he did not assert them before that suit was dismissed, they are res judicata. The exceptions are premised on La.Code Civ.P. art. 1061 and La.R.S. 13:4241–42. Louisiana Code of Civil Procedure Article 1061 (emphasis added), states:

> A. The defendant in the principal action may assert in a reconventional demand any causes of action that the defendant may have against the plaintiff in the principal action, even if these two parties are domiciled in the same parish and regardless of connexity between the principal and reconventional demands.

> B. Except as otherwise provided in Article 3657, and except in an action for divorce under Civil Code Article 102 or 103 or in an action under Civil Code Article 186, *the defendant in the principal*

3

*action shall assert in a reconventional demand* all causes of action that the defendant may have against the plaintiff that arise out of the transaction or occurrence that is the subject matter of the principal action.

The legislature provided insight to its intent when it amended La.Code Civ.P. art. 1061 in 1990 to include "a compulsory reconventional demand" for defendants. *See* Comments 1990 (a). Comment 1990 (b) to La.Code Civ.P. art. 1061 further provides:

> [I]f the defendant has a cause of action arising out of the subject matter of the plaintiff's action, then the defense of res judicata will prevent relitigation of issues common to both causes of action except as otherwise provided by law. The requirement of a compulsory reconventional demand therefore also serves the interest of fairness by giving the defendant notice that he must assert his related cause of action.

Similarly, La.Code Civ.P. art. 425(A) provides: "A party shall assert all causes of action arising out of the transaction or occurrence that is the subject matter of the litigation."

The doctrine of res judicata is set forth in La.R.S. 13:4231 (emphasis added) which states:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
>
> (1) *If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.*
>
> (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
>
> (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

4

The supreme court considered the 1990 amendment of La.R.S. 13:4231, in *Terrebonne Fuel & Lube, Inc. v. Placed Refining Co*., 95–654, 95–671, p.12 (La. 1/16/96), 666 So.2d 624, 632, and the effect it has on litigation, finding:

> [A] second action would be barred because it arises out of the occurrence which was the subject matter of the prior litigation. The central inquiry is not whether the second action is based on the same cause or cause of action (a concept which is difficult to define) but whether the second action asserts a cause of action which arises out of the transaction or occurrence which was the subject matter of the first action.

*Id*. (quoting Comments—1990, La. R.S. 13:4231).

Exceptions to the doctrine are stated in La.R.S. 13:4232 (emphasis added), which provides, in pertinent part:

> A. A judgment does not bar another action *by the plaintiff*:
>
> (1) When exceptional circumstances justify relief from the res judicata effect of the judgment;
>
> (2) When the judgment dismissed the first action without prejudice; or,
>
> (3) When the judgment reserved the right *of the plaintiff* to bring another action.

In *Burguieres v. Pollingue,* 02–1385, p. 8 (La. 2/25/03), 843 So.2d 1049, 1053 (citing La.R.S. 13:4231), the supreme court set forth a five-step test to determine whether res judicata attaches to a previous judgment:

> 1) the judgment is valid;
>
> 2) the judgment is final;
>
> 3) the parties are the same;
>
> 4) the cause or causes of action asserted in the second suit existed at the time of the final judgment in the first litigation; and,
>
> 5) the cause or causes of action asserted in the second suit arose from the same transaction or occurrence that was the subject of the first litigation.

The res judicata effect of a prior judgment is a question of law. *Hannie v. Colonial Oaks AL Lafayette Emp., LLC*, 21-349 (La.App. 3 Cir. 2/9/22), 334 So.3d 17. When an exception of res judicata is raised before the case is submitted and both parties presented evidence on the exception, appellate courts apply the manifest error–clearly wrong standard of review to a trial court's ruling on the exception. *Id.* Whether a prior judgment has a res judicata effect on a subsequent proceeding is a question of law that is reviewed de novo on appeal. *Penton v. Castellano*, 49,843 (La.App. 2 Cir. 6/24/15), 169 So.3d 739.

Mr. Strenge points out res judicata is stricti juris, and if there is any doubt as to whether the principle applies, it should not be applied. *Igbokwe v. Moser,* 12–1366 (La.App. 4 Cir. 4/24/13), 116 So.3d 727, *writ denied,* 13–1196 (La. 9/13/13), 120 So.3d 698. Mr. Strenge asserts doubts exist as to whether res judicata applies to his claims and his situation presents exceptional circumstances under La.R.S. 13:4232(A)(1).

Courts strictly apply this exception and have held a plaintiff's "fail[ure] to assert a right or claim for damages through oversight or lack of proper preparation" does not warrant an exception to the doctrine. *Spear v. Prudential Prop.& Cas. Ins. Co.*, 98-1663, p. 4 (La.App. 4 Cir. 1/13/99), 727 So.2d 640, 643. Courts have also determined, the exception "is designed to protect those drawn into error by an awkward factual or legal scenario, not those who can allude to no circumstance to justify their inaction below." *Id. See also, Jackson v. Iberia Par. Gov't*, 98-1810, p. 9 (La. 4/16/99), 732 So.2d 517, 524, where the supreme court held "inherent in the concept of res judicata is the principle that a party had the opportunity to raise a claim in the first adjudication, but failed to do so."

We further note a trial court has discretion when balancing the doctrine of res judicata and the interests of justice and determining whether or not exceptional

circumstances exist that warrant application of the res judicata doctrine. *Guidry v. State Farm Mut. Auto. Ins. Co.*, 21-808 (La. 11/10/21), 326 So.3d 1224.

Mr. Strenge insinuates he does not appear herein in the same capacity as he did in Mr. Whitlock's suit. When discussing the concept of capacity, the supreme court observed in *Burguieres*, 843 So.2d at 1054, that civilian law and common law both require there be an "identity of parties" before the doctrine of res judicata can be applied to bar a subsequent suit. The parties need not have the same physical identity, but they "must appear in the same capacities in both suits." *Id.* In addressing this issue, the supreme court quoted the Restatement (Second) of Judgments § 36(2) (1982), which provides, in pertinent part: "A party appearing in an action in one capacity, individual or representative, is not thereby bound by or entitled to the benefits of the rules of res judicata in a subsequent action in which he appears in another capacity." *Burguieres*, 843 So.2d at 1054. The court also noted "[t]his principle is imposed to 'safeguard the integrity of . . . representative functions.' Restatement (Second) of Judgments § 36 cmt. a (1982)." *Id.* (second alteration in original).

Contrary to Mr. Strenge's claims, the fact that he was the defendant in the Whitlock suit and plaintiff in his suit has no effect on the application of res judicata to his claims. In *Oliver v. Department of Public Safety & Corrections,* 95-1232, (La.App. 1 Cir. 2/23/96), 669 So.2d 570, *writ denied*, 96-1041 (La. 5/31/96), 674 So.2d 262, the court determined "the plaintiff" referenced in La.R.S. 13:4232 is a plaintiff who was the plaintiff in a prior action between the parties that was dismissed. Accordingly, La.R.S. 13:4232's exceptions to the general rule of res judicata do not apply to the defendant in a prior action.

In *Classen v. Hofmann*, 06-560, p. 7 (La.App. 5 Cir. 11/28/06) (footnote omitted), 947 So.2d 76, 80, the court concluded:

Given the fact that LSA–C.C.P. art. 1061 and LSA–R.S. 13:4231 must be read *in pari materia*, it does not matter whether Mrs. Classen was a defendant in the Orleans suit and a plaintiff in the Jefferson Parish suit. C.C.P. art. 1061 requires her to assert any causes of action against Mrs. Hofmann and her insurer, which arise out of the same operative facts, via a compulsory counterclaim in the Orleans Parish suit. See also *Hy–Octane Investments, Ltd. v. G & B Oil Products, Inc.*, 97–28 (La.App. 3 Cir. 10/29/97), 702 So.2d 1057.

Mr. Strenge appeared as himself in Mr. Whitlock's suit and in his suit. Therefore, he was required to assert his claims against Mr. Whitlock in a reconventional demand in that suit, as required by La.Code Civ.P. art. 1061.

Mr. Strenge next argues extenuating circumstances exist which excuse his failure to assert his claims against Mr. Whitlock in a reconventional demand. We have reviewed the cases cited by Mr. Strenge in support of this argument and find the circumstances therein do not reflect the facts of this case and do not apply to his claims. In some of those cases, the party seeking to pursue claims in a second suit was a co-plaintiff with his insurer that filed the first suit to recover amounts it had paid to its insured and allowed the suit to be dismissed with prejudice without reserving the rights of its insured. *See*, *e.g.*, *Fine v. Reg'l Transit Auth.*, 95-2603 (La.App. 4 Cir. 6/26/96), 676 So.2d 1134; *Wicker v. Louisiana Farm Bureau Cas. Ins. Co.*, 18-225, (La.App. 1 Cir. 9/21/18), 257 So.3d 817.

*Penton*, 169 So.3d 739, involved a number of parties, including the plaintiff's employer. The plaintiff's employer was a defendant that was dismissed on summary judgment. Thereafter, the employer intervened to recover workers' compensation payments it had paid to the plaintiff. The plaintiff's exception of res judicata failed because the final judgment signed by counsel for all parties specifically reserved all rights concerning the intervention between the plaintiff and the employer.

*Cowan v. Kanuch*, 15-97 (La.App. 4 Cir. 9/16/15), 176 So.3d 553, *writ denied*, 15-1913 (11/20/15), 181 So.3d 699, involved two different suits between a tenant and his landlord and procedural issues. The fourth circuit court determined that because the trial court's judgment dismissed a motion to consolidate and transfer without prejudice filed by the landlord but granted the tenant's exception of prescription with prejudice, the judgment created an ambiguity as to whether the trial court intended to dismiss the landlord's substantive rights. The court found this ambiguity created doubt that warranted the exception of res judicata being denied.

Pursuant to La.Code Civ.P. art 1061, a defendant such as Mr. Strenge was required to assert any claims he had arising from an accident at the issue in the suit against him as a reconventional demand in that same suit. Unlike La.R.S. 13:4232(A) which provides exceptions to res judicata, neither the law nor the jurisprudence provides an exception to this mandatory requirement. Nonetheless, Mr. Strenge implies his failure to file a reconventional demand is excused and his claims are not res judicata because they were not prescribed when he filed his suit herein. He cites no support for his argument. He also does not address the fact that, by its express terms, La.R.S. 13:4232 applies only to actions brought by one who was a plaintiff in a prior suit. For these reasons, we find no error with the trial court's conclusion that none of the exceptions stated in La.R.S. 13:4232 apply to his claims in this matter and that those claims are res judicata.

Finally, Mr. Strenge argues the trial court erred in granting his motion for new trial. On appeal, the denial of a motion for new trial is reviewed for an abuse of discretion. *Levine v. Nationwide Agribusiness Ins. Co.*, 23-488, 23-489 (La.App. 3 Cir. 3/6/24), 381 So.3d 908, *writ denied,* 24-426 (La. 6/19/24), 386 So.3d 310.

9

Having determined the trial court did not err in granting the defendants' exceptions of res judicata, we also find it did not err in denying the motion for new trial.

## DISPOSITION

The trial court's judgments sustaining the exceptions of res judicata asserted by Cartavious Whitlock and his insurer, GEICO Indemnity Company, and denying Kraig Strenge's motion for new trial are affirmed. All costs are assessed to Kraig Strenge.

**AFFIRMED.**