SANDRA CABRINA JENKINS, Judge.
Appellant, the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College (the Board), appeals from two separate judgments of the Orleans Parish Civil District Court. Both appeals relate to the same expropriation action. The first appeal concerns the $293,242.00 judgment of the trial court, effectively awarding Appellee/Respondent, Boudreaux’s Tire & Auto Repair, L.L.C., (Boudreaux’s) $978,600.00 in just compensation for expropriated property (“the subject property”). In connection with that appeal, the Board argues that the trial court erred by excluding all evidence of the subject property’s 2004 purchase price. Boudreaux’s filed an answer praying for attorney fees in connection with that appeal.
The Board separately appeals the trial court judgment awarding attorney fees, costs, and expenses to Boudreaux’s.
For the reasons discussed below, we affirm the judgment of the trial court as to the exclusion of evidence of the purchase price. We remand for the limited purpose of fixing costs on appeal and insuring that only work performed on issues tried below were compensated by the trial court.
BACKGROUND FACTS AND PROCEDURE
This case involves the expropriation of the subject property, located at 2301-2309 Tulane Avenue, New Orleans, Louisiana. Testimony at trial indicated Boudreaux’s owners acquired the property in 2004 and *1266 began to operate their 20,400 square foot automotive repair service and tire shop from that location. Boudreaux’s substantially renovated the property’s preexisting structure, replacing the building’s roof, adding 15 bay doors, and expanding the building’s office and reception space.
On August 26, 2010, the Board filed its Petition for Expropriation of the land (and improvements) at 2301-2309 Tulane Avenue, stating that the property was necessary for the construction of a new United States Department of Veterans Affairs Medical Center.[1] Along with its petition, the Board deposited $685,358.00 in just compensation into the court registry and identified Boudreaux’s as the owner of the subject property. Boudreaux’s filed an Answer and Reconventional Demand alleging that the Board had not furnished just compensation.
Following extensive stipulations and pre-trial motions, the parties began a three-day jury trial on November 13, 2012. The trial focused exclusively on the issue of just compensation due to Boudreaux’s under La. Const. art. I, § 4(B)(5).[2] Testimony consisted of the opinions of three expert appraisers[3] and one expert architect, as well as lay testimony of Allen Boudreaux, one of the business’s owners.
On November 15, 2012, the jury returned a verdict of $978,600.00 in just compensation due to Boudreaux’s. Noting that the Board has already deposited $685,358.00 into the court registry, the trial court entered judgment awarding Bou-dreaux’s the balance of the jury’s award ($292,242.00) plus 5 percent annual interest. The Board timely appealed this judgment and Boudreaux’s answered the appeal, seeking reasonable attorney fees in connection with this appeal.
Following judgment on the question of just compensation, Boudreaux’s moved for the trial court to award attorney fees and costs (including expert fees) consistent with La. R.S. 19:8(A)(3).[4] After lengthy briefing and an evidentiary hearing, on January 16, 2013, the trial court rendered judgment on fees and costs, awarding Boudreaux’s $109,021.73 in attorney fees, $31,275.00 in expert witness fees, and costs *1267 of $11,758.77. The Board filed a second timely devolutive appeal from this judgment.
DISCUSSION
As mentioned above, the Board has appealed from both the judgment on compensation and the judgment on fees. We address each of those appeals — and the relevant assignments of error — in turn.
I: The Judgment on Compensation
“Property owners in expropriation cases are entitled to receive compensation for the full extent of their loss as provided under the Louisiana Constitution of 1974.” Orleans Parish Sch. Bd. v. State, Div. of Admin., 12-1312, p. 4 (La.App. 4 Cir. 2/27/13) — So.Sd -, 2013 WL 772520, writ denied, 13-0683 (La.5/3/13), 113 So.3d 216. Article I § 4 of the Louisiana Constitution of 1974 provides that the full extent of an owner’s loss “shall include, but not be limited to, the appraised value of the property and all costs of relocation, inconvenience, and any other damages actually incurred because of the expropriation.” Such loss is generally assessed in terms of a property’s fair market value. See Orleans Parish Sch. Bd., 12-1312, p. 4, — So.3d -.
A property’s fair market value is determined in light of its highest and best use and is calculated by one of three methods: the market/sales approach; the cost approach; and/or the income approach. Id. at p. 5, — So.3d at - (citing Exxon Pipeline Co. v. Hill, 00-2535, p. 8 (La.5/15/01), 788 So.2d 1154, 1160). The market/sales approach establishes a property’s value in reference to “the prices paid in actual market transactions, i.e., comparable sales.” Exxon Pipeline Co., 00-2535, p. 13 (La.5/15/01), 788 So.2d at 1162. The Louisiana Supreme Court has noted that “in most cases,” the market/sales approach is “likely to produce more accurate results” than its competing approaches. Id., 00-2535, p. 13, 788 So.2d at 1163. The parties’ expert appraisers exclusively relied on this approach when valuing the property in this case.
A: The trial court did not abuse its discretion in excluding evidence of the subject property’s 2004 purchase price.[5]
The Board contends that the trial court abused its discretion when it granted Boudreaux’s Motion in Limine to exclude evidence regarding the 2004 purchase price Boudreaux’s paid for the subject property (shown by an Act of Cash Sale).[6] The Board’s contention lacks merit.
*1268 A trial court’s evidentiary rulings are reviewed for an abuse of discretion. See Brooks v. Reimonenq, 10-0296, p. 4 (La.App. 4 Cir. 7/21/10), 44 So.3d 824, 827 (citing Stewart v. Ice, 07-0871, p. 7 (La.App. 4 Cir. 4/9/08), 982 So.2d 928, 933). Of course, “[a] district court by definition abuses its discretion when it makes an error of law.” State v. Lee, 11-0398, p. 6 (La.App. 4 Cir. 1/30/12), 83 So.3d 1191, 1196 (quoting Koon v. United States, 518 U.S. 81, 100, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996)).
Boudreaux’s purchased the subject property in 2004 for $275,000.00. In support of its argument that the 2004 purchase price was relevant evidence and should have been admitted into evidence, the Board cites State, Department of Highways v. Addison, 136 So.2d 545 (La.Ct.App.1961). Addison involves the State’s appeal from a putatively excessive compensation award on grounds that trial court erroneously permitted the expropriate to introduce evidence of the purchase price paid for the expropriated property. Id. at 546-47. Rejecting the State’s argument that the purchase price was not relevant of the property’s value at expropriation, the First Circuit observed that the State’s own expert had taken the subject property’s $30,000.00 purchase price into account when furnishing his own estimate. Id. at 547. The court of appeal then explained that
[t]hough the purchase price paid by the expropriate is not evidence per se of the market value, certainly, in the absence of showing that the sale was fictitious, it is relevant evidence to be considered with other evidence in ascertaining the true market value, and in connection with the testimony of Defendants’ experts it does not detract from the valuations placed on the property by them in ascertaining the value of the property, for the true criterion of value is the market value of the property at the date of the institution of the expropriation suit.
Id. at 547 (citing Louisiana Highway Comm’n v. Boudreaux, 19 La.App. 98, 139 So. 521 (1932)); Murff v. Louisiana Highway Comm’n, 146 So. 328 (La.App.Ct.1933); Central La. Electric Co., Inc. v. Leonards, 65 So.2d 631 (La.App.Ct.1953). The court then affirmed the judgment of $34,800.00 in just compensation — nearly twice the $18,639.00 that the State had deposited in the court’s registry — but only marginally more than that which the expropriate had previously paid for the property. Addison, 136 So.2d at 547-50.
Addison is persuasive, but we do not believe that it furthers the Board’s position. First, Addison does not stand for the proposition that the purchase price is invariably relevant in determining fair market value. See id. at 547. Therefore, we cannot conclude that the district court abused its discretion as a matter of law in excluding the purchase price in the instant case.
Second, and more importantly, the uncontested evidence in the record suggests that Boudreaux’s acquisition of the subject property was made below fair market value, was made between friends, and was not fully accounted for in the money that exchanged hands (the seller took a management position with Boudreaux’s after the *1269 sale). The district court could correctly have concluded that the price paid for the subject property was as poor an indicator of the property’s true value as if the deal had been a sham. Cf id. at 547. We hold that the trial court did not abuse its discretion by excluding evidence of the 2004 purchase from the trial to determine the fair market value of the expropriation at issue.
 Moreover, the evidentiary error of which the Board complains—and which we do not find—would be harmless. See Richardson v. Richardson, 07-0430 (La.App. 4 Cir. 12/28/07), 974 So.2d 761, 771-72. Under La. C.E. art. 103, the effect of an erroneous evidentiary ruling is that “[e]rror may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of a party is affected.” Put differently, if the ruling’s effect on the outcome is insubstantial, reversal is not warranted. Gibson v. La. Rice Mill, L.L.C., 13-265, p. 1 (La.App. 3 Cir. 10/9/13), 2013 WL 5539299, reh’g denied 126 So.3d 876 (La.11/13/13) (quoting Wright v. Bennett, 04 CA 1944, p. 6 (La.App. 1 Cir. 9/28/05), 924 So.2d 178, 182) (internal citations omitted).
Here, the 2004 sale very well may have no probative value in terms of the jury’s charge, namely a contemporary determination of the subject property’s fair market value. For example, none of the Board’s experts identified the 2004 purchase as relevant to their estimates of the subject property’s contemporary fair market value. They appear to have disregarded the purchase price entirely.
The Board’s challenge lacks merit.
B: Boudreaux’s request for additional fees and costs associated with this appeal is better determined by the trial court
In its answer to the instant appeal, Boudreaux’s requested an additional $25,000.00 for the work associated with preserving the trial court’s compensation judgment. Boudreaux’s supplied no breakdown of the time spent on this appeal. We find the record contains insufficient information for this Court to determine the appropriate award of costs. We therefore remand this matter to the trial court for a hearing to determine the costs to be awarded in connection with Bou-dreaux’s successful defense on appeal.
II: Judgment on Fees, Costs, & Expenses
In the subordinate sections, we address the Board’s specific arguments that attorney fees and expert witness fees were excessive.
“As a general rule, attorney fees are not allowed in Louisiana unless they are authorized by statute or provided for by contract.” Langley v. Petro Star Corp. of La., 01-0198, p. 3 (La.6/29/01), 792 So.2d 721, 723 (citing Sharbono v. Steve Lang & Son Loggers, 97-0110, p. 7 (La.7/1/97), 696 So.2d 1382, 1386). In the expropriation context, however, La. R.S. 19:8 expressly permits a trial court to “award reasonable attorney fees to the defendant” where the amount of compensation awarded at trial exceeds the highest offer made for the property. La. R.S. 19:8(A)(3).
Our review of the trial court’s award of fees is conducted under an abuse of discretion standard. State v. Miss Chub, L.L.C., 47,054, pp. 4-5 (La.App. 2 Cir. 4/11/12), 92 So.3d 422, 425 (citations omitted); see also City of New Orleans v. Condon, 600 So.2d 78, 81 (La.App. 4 Cir.1992), writ denied, 605 So.2d 1130 (La.1992) (citations omitted). On appeal, the Board challenges the award of attorney fees one three separate bases elaborated upon below.
*1270 A: The Trial Court Correctly Analyzed the Attorneys Fees in this Case in Light of the Factors on Which Such an Award may be Based.
The Board contends that the trial court abused its discretion by awarding Boudreaux’s attorney fees without explicitly balancing all of the judicially created factors enumerated in State, Dep’t of Transp. & Dev. v. Williamson, 597 So.2d 439 (La.1992). The Board’s contention lacks merit.
Williamson is an expropriation case arising under La. R.S. 48:441, et seq.,[7] and in which the sole issue on appeal was the reasonableness of the attorney fees awarded by the trial court. Id. at 440. The Louisiana Supreme Court noted that the factors to be considered when deciding upon a reasonable fee award include
(1) the ultimate result obtained; (2) the responsibility incurred; (3) the importance of the litigation; (4) amount of money involved; (5) extent and character of the work performed; (6) legal knowledge, attainment, and skill of the attorneys; (7) number of appearances made; (8) intricacies of the facts involved; (9) diligence and skill of counsel; and (10) the court’s own knowledge.
Id. at 442. Evaluating the award based on these factors, the Supreme Court observed that while the trial court had discussed most of the factors, it had abused its discretion by overemphasizing the intricacies of the litigation. Id. at 442-43. Additionally, the Supreme Court noted that the court of appeal, which had reduced the award, had focused too much on the time the attorneys devoted to the case. Id. at 443.
Here, the parties extensively briefed the issues regarding reasonable fees, including application of the Williamson factors to the instant case. At an evidentiary hearing held on these issues, testimony from Boudreaux’s attorney |n centered largely on the Williamson factors. Further, in addition to its judgment, the trial court issued reasons for judgment identifying the factors and stating that it had “reviewed the record and all of the [Williamson] factors and f[ound] that an award of $109,021.73 in attorney’s fees reasonable.” The court then specifically applied several of the factors to the case at hand, noting the excellent character of the work performed, the knowledge and skill of the attorneys, and their diligence. From the basis of the record, this Court can see that numerous appearances were made, that compensation awarded to Boudreaux’s was quite favorable (roughly 43 percent more than the Board had offered), that the sums involved were not insubstantial, and that the parties hotly contested the issues involved.
B: Consistency Between the Bou-dreaux’s Contingency Arrangement and the Trial Court’s Award Does Not Render the Award Unreasonable.
The Board claims that by awarding Boudreaux’s attorney fees consistent with the terms of their contingency fee agreement, the trial court impermissibly adopted a rule “holding that whatever a landowner’s contingency fee contract states regarding attorney’s fees is reasonable as, long as his attorneys request an award in that amount.” The Board’s claim is meritless.
*1271 While trial courts are not bound to award fees consistent with a contingency agreement, courts may certainly consider contingency agreements when awarding fees. See Williamson, 597 So.2d at 443 n. 10 (observing that district courts may consider an attorney-client contract among other factors in awarding fees); Pillow v. Bd. of Comm’rs for Fifth Louisiana Levee Dist., 425 So.2d 1267, 1284 (La.CtjApp. 1982)12 (“there is nothing in our law which precludes the awarding of attorneys’ fees based on a contingent fee contract”), writ granted, 427 So.2d 1200 (La.1983), writ recalled, 445 So.2d 1225 (La.1984); Nor-fleet v. Lifeguard Transp. Serv., Inc., 05-0501, p. 18 (La.App. 4 Cir. 5/17/06), 934 So.2d 846, 859 (“A court may consider a contingency fee contract when awarding attorney’s fees, but the court is not bound by the contract’s terms”) (citing Rivet v. State, Dep’t of Transp. & Dev., 01-0961, p. 6 (La.11/28/01), 800 So.2d 777, 782.) In fact, this Court has affirmed fee awards consistent with contingent fee agreements. See, e.g., Vela v. Plaquemines Parish Gov’t, 00-2221, pp. 26-28 (La.App. 4 Cir. 3/13/02), 811 So.2d 1263,1280-81.
Here, the trial court never indicated a belief that it was bound by the contingency fee agreement provided by Boudreaux’s counsel. In addition, the parties thoroughly briefed the issue of fees, and the court both took evidence and held argument on the matter. That the trial court’s award is consistent with the fee agreement between Boudreaux’s and its counsel is not, by itself, an abuse of discretion. We find no merit to this assignment of error.
C: The Trial Court is Best Positioned to Evaluate Whether any Fees Were Awarded For Work on Untried Claims.
The Board further contends that the trial court abused its discretion in failing to reduce the attorney fees awarded to Boudreaux’s counsel for work on Bou-dreaux’s claims for relocation and re-establishment costs, which were abandoned on the eve of trial. We remand on this issue, but for reasons other than those raised by the Board.
The Board argues that because Bou-dreaux’s did not ultimately prevail on the relocation and re-establishment issues, Boudreaux’s counsel is per se not entitled to attorney fees for the work it performed on those issues. To support this position, the Board relies on LHO New Orleans LM, L.P. v. MHI Leasco New Orleans, Inc., 06-0489 (La.App. 4 Cir. 4/16/08), 983 So.2d 217 and City of Shreveport v. Chanse Gas Corp., 34, 959, (La.App.2d Cir.8/22/01), 794 So.2d 962, for the proposition that a party is not due attorney fees for litigating issues on which it does not prevail. The Board’s reliance is misplaced, however.
The ruling in LHO New Orleans LM was explicitly based on an attorney fee provision in a lease agreement between the parties. See LHO New Orleans LM, L.P., 06-0489, p. 19, 983 So.2d at 230 (“In accordance with the terms of the lease, [the defendant’s] entitlement to fees, costs and expenses is limited to items on which it prevailed in enforcing the terms or determining its rights under the lease”)(emphasis added); see also Master Credit Corp. v. Campbell & Assoc., Inc., 98-0349 (La.App. 4 Cir. 11/25/98), 724 So.2d 266, 268 (holding statutory fee authority inapplicable where “a contract, rather than the statute, controls”). Moreover, in Chanse Gas Corp., the Second Circuit refused to award attorney fees in connection with an ultimately unsuccessful appeal. See id., 34,958, 34,959, p. 26, 794 So.2d at 980. This is not same as failing to award a prevailing party attorney fees on litigated issues on which it did not prevail. In fact, in Chanse Gas Corp., the court affirmed an award of at *1272 torney fees for the defendant’s unsuccessful challenge to the legitimacy of the expropriation. See id., 34, 958, 34,959, p. 22, 794 So.2d at 977 (affirming an award of attorney fees even where defendant had lost a takings trial, La. R.S. 19:8 entitled the defendants both to challenge the expropriation of their land and to have their day in court regarding the issue of compensation). In other words, neither of the cases relied on by the Board support their position that a prevailing party is not entitled to attorney fees for its unsuccessful claims.
In support of the trial court’s award, Boudreaux’s cites several expropriation cases in which attorney fees under La. R.S. 19:8 were awarded in connection with defendants’ unsuccessful challenges to the legitimacy of a given taking. See, e.g., Chanse Gas Corp., 34,958, 34,959, p. 22 (La.App.2d Cir.8/22/01), 794 So.2d at 977; Louisiana Resources Co. v. Greene, 406 So.2d 1360, 1371 (La.App. 3d Cir.1981) (affirming as reasonable an award of attorney fees covering work fighting an unsuccessful battle against an expropriation). Given their broadest construal, these cases permit for the award of “attorney fees as an element of compensation for ‘the fundamental right of landowners to test an expropriation on all points or issues which may arise.’” Chanse Gas Corp., 34,958, 34,959, pp. 22-23, 794 So.2d at 977-78 (quoting Green, 406 So.2d at 1371); but see Rivet v. State, Dep’t of Transp. & Dev., 01-0961 (La.11/28/01), 800 So.2d 777, 782 (opining that “[ajttorney’s fees have traditionally been regarded as being distinct from the compensation due to the landowner”) (citing La. R.S. 19:8; La. R.S. 13:5111; 48:453(A)). Even under the broadest interpretation of Chanse Gas Corp. and Greene, however, those cases do not support an award of reasonable attorney fees in connection with Boudreaux’s abandoned claim for compensation related to relocation and reestablishment costs.
While attorney fees awarded to landowners in expropriation cases are reasonable as awarded on all points “tested,” Boudreaux’s relocation and re-establishment claims were not tested. These claims were not tried before the jury, nor were they subject to trial on a motion. Boudreaux’s, for whatever reason, chose not to contest these issues. Because Bou-dreaux’s did not exercise its fundamental right to test its expropriation on this point, it is not entitled to reasonable attorney fees tied to the exercise of that right. Cf. Chanse Gas Corp., 34,958, 34,959, pp. 22-23, 794 So.2d at 977-78 (quoting Green, 406 So.2d at 1371). As such, any attorney fees awarded to Boudreaux’s for work performed exclusively in furtherance of the untested relocation and re-establishment claims would constitute an abuse of discretion.
The record on appeal does not contain sufficient information for this Court to determine whether the trial court’s award of attorney fees compensated Boudreaux’s for the time spent on its relocation and reestablishment claims. As such, we lack the requisite information to modify (if necessary) the amount of attorney fees due to Boudreaux’s. As we have done in the past, we remand this matter for further proceedings to determine reasonable attorney fees. See Condon, 600 So.2d at 81. We note that in Boudreaux’s prior motion for fees offered the fitrial court the opportunity to review Boudreaux’s billings in camera.[8] The trial court should review *1273 these billings to determine whether its pri- or award erroneously compensated Bou-dreaux’s counsel for work on the relocation and reestablishment issues. If so, the trial court should downwardly modify its award as consistent with this opinion.
D: Expert Witness Fees Were Not Unreasonable
The Board contends that the trial court abused its discretion in awarding Bou-dreaux’s expert Dr. Wade Ragas $31,275.00 for his of work on this case. Specifically, the Board contends that Dr. Ragas was erroneously awarded fees for his attendance of and preparation for a deposition not offered at trial and that his award should be coordinately reduced. The Board also contends that Ragas’ award was generally unreasonable and should be reduced in proportion to the amount of his fair market value estimate that the jury did not accept. The Board’s contention lacks merit on both counts.
The trial court is charged with fixing expert witness fees under La. R.S. 13:3666(A).[9] The expert fees to be awarded are largely within the sound discretion of the trial court and will not be disturbed on appeal absent a clear abuse of that discretion. State, Dep’t of Transp. & Dev. v. Winn, 463 So.2d 648, 652 (La.App. 4 Cir.1984) (citing State, Dep’t of Highways v. Salles, 387 So.2d 1278 (La.App. 1st Cir.1980)). This award may include fees for preparatory, non-testifying expenses. Vela v. Plaquemines Parish Gov’t, 00-2221, p. 30 (La.App. 4 Cir. 3/13/02), 811 So.2d 1263, 1282, writ denied 02-1350 (La.6/21/02), 819 So.2d 337 and 02-1224 (La.6/21/02), 819 So.2d 343 (citing McGee v. Miears, 516 So.2d 1241, 1245 (La.App. 2d Cir.1987)).
As concerns the award of expert fees associated with an expert’s participation in a disposition, however, most courts have only permitted such an award where the deposition was “used at trial and introduced and accepted into evidence.” See, e.g., Yates v. Elmer, 06-267, p. 25 (La.App. 5 Cir. 11/28/06), 948 So.2d 1092, 1106 (“if a deposition is not used at trial, the cost of the deposition, including deponent’s fee for giving the deposition, may not be taxed as costs”), writ denied, 06-3031 (La.2/16/07), 949 So.2d 415 and writ denied, 06-3033 (La.2/16/07), 949 So.2d 417 (citations omitted).
Here, it does not appear that Bou-dreaux’s was awarded expert fees in connection with Dr. Ragas’ participation in a deposition. Rather, the Board means to challenge the compensation that Dr. Ragas was awarded in connection with his preparation for the deposition. As previously noted by this Court, taxable expert fees may include fees for preparation. See Vela, 00-2221, p. 30, 811 So.2d at 1282 (citations omitted). We do not believe that this aspect of the expert fees awarded by the trial court constitutes an abuse of discretion.
The Board further contends that Dr. Ragas’ fees are generally unreasonable.[10] The Board’s contention is mer-itless.
*1274 The Board stresses that Dr. Ragas charged Boudreaux’s nearly twice as much to prepare for and to testify at trial ($20,-700.00) as he charged to draft the 222-page report on which his testimony was based ($10,575.00). We note that the Board does not challenge the amount of time reported by Dr. Ragas, just the compensation awarded. Ragas’ time, of course, was spent reviewing the reports and depositions of the Board’s three experts. For this work, as well his actual trial testimony, the trial court allotted Dr. Ragas’ fees coming to $225.58 per hour. This fee does not constitute a clear abuse of discretion.[11]
CONCLUSION
This Court has reviewed the matter thoroughly and finds no reversible error. Because we cannot determine whether the trial court’s allocation of fees erroneously compensated Boudreaux’s counsel for work on abandoned, noncompensable issues, we remand that issue to the trial court for review and reconsideration. The trial court is also to take evidence and award attorney fees to Boudreaux’s in connection with this appeal and not inconsistent with the foregoing opinion.
AFFIRMED IN PART, REMANDED FOR FURTHER PROCEEDINGS, IN PART.
LOVE, J., concurs in part and dissents in part.

. The old medical center was irreparably damaged by Hurricane Katrina.

. Louisiana Article I, section 4(B)(5) states that
[i]n every expropriation or action to take property pursuant to the provisions of this Section, a party has the right to trial by jury to determine whether the compensation is just, and the owner shall be compensated to the full extent of his loss. Except as otherwise provided in this Constitution, the full extent of loss shall include, but not be limited to, the appraised value of the property and all costs of relocation, inconvenience, and any other damages actually incurred by the owner because of the expropriation.
La. Const, art. I, § 4(B)(5).

. In presenting testimony of two expert appraisers, the Board satisfied its duties under La. R.S. art. 19:143.

.La. R.S. 19:8(A)(3) provides for reasonable attorney fees associated with expropriation litigation, stating in full:
Immediately after compensation has been determined, the plaintiff shall, upon motion of the defendant, present evidence as to the highest amount it offered the defendant for the property and severance damages, if any, prior to the trial on the merits. After hearing evidence on the issue, the court shall determine the highest amount offered. If the highest amount offered is less than the compensation awarded for the property and severance damages, if any, the court may award reasonable attorney fees to the defendant. The expropriating authority shall not be entitled to possession or ownership of the property until a final judgment has been rendered and payment has been made to the owner or paid into the registry of the court, except as may otherwise be stipulated by the parties.
La. R.S. 19:8(A)(3)(emphasis added).

. In a separate assignment of error, the Board argues that the trial court created an impermissible double standard by admitting Boudreaux’s evidence of comparable sales from the same time period. The Board does not contend the trial court erred in allowing evidence of these comparable sales. In fact, the Board believes this admission was correct. Rather, the Board complains that by allowing testimony on these other sales, the trial court "compounded” its error in excluding all evidence on the subject property’s 2004 purchase price.
The Board's double standard argument collapses into the Board’s assignment of error concerning the exclusion of the 2004 purchase price. Further, we note that this double standard was not contemporaneously pointed out to the trial court and is waived as an independent assignment of error.

. On September 12, 2012, Boudreaux’s filed a motion in limine seeking to exclude all evidence relating to the 2004 purchase price of the subject property. The record on appeal does not contain the Board’s opposition to the motion in limine, but instead contains only the Board's Motion to Strike Boudreaux's motion in limine as untimely filed. Nor does the docket contain any entry establishing that the Board actually filed opposition. Neverthe *1268 less, Boudreaux’s reply to the Board’s opposition is within the record as is Boudreaux's reference to the Board's opposition it its briefing to this Court. Boudreaux’s conduct and statements leads us to conclude that the motion in limine was opposed. Moreover, the similarity between Boudreaux’s arguments below and its arguments on appeal lead us to conclude that the content of the Board’s arguments in the trial court in fact preserved the issue for appeal.

. The Court observed that in this statutory scheme, attorney fees were capped at 25% of the judgment. Id. at 443 n. 10.

. In that motion, Boudreaux’s counsel noted that in camera review was necessary to limit the Board's ability to glean counsel’s strategy in other cases counsel is currently litigating in relation to the new Veterans Affairs Medical *1273 Center. This request appears reasonable and warranted.

. La. R.S. 13:3666(A) provides that
Witnesses called to testify in court only to an opinion founded on special study or experience in any branch of science, or to make scientific or professional examinations, and to state the results thereof, shall receive additional compensation, to be fixed by the court, with reference to the value of time employed and the degree of learning or skill required.
La. R.S. 13:3666(A).

. Since we do not find the fee unreasonable, we do not address the Board’s suggestion that Dr. Ragas' fee should be reduced by 29 per *1274 cent, to reflect the portion of his appraisal rejected by the jury.

. Because we do not order a reduction in costs, we pretermit any discussion of whether such a reduction impinges upon Boudreaux’s right to compensation for the full extent of its losses.