| | | |
|---|---|---|
| **PVCA, INC. AND RENOLA EQUITY FUND II, LLC** | * | **NO. 2021-CA-0753** |
| | * | |
| **VERSUS** | | **COURT OF APPEAL** |
| | * | |
| **PACIFIC WEST TD FUND, LP, LOUISIANA CITIZENS PROPERTY INSURANCE COMPANY FAIR PLAN, AND MAF, INC. D/B/A WORLDCLAIM GLOBAL CLAIMS MANAGEMENT** | * | **FOURTH CIRCUIT** |
| | | **STATE OF LOUISIANA** |
| | * * * * * * * | |

| **CONSOLIDATED WITH:** | **CONSOLIDATED WITH:** |
|---|---|
| **PVCA, INC., AND RENOLA EQUITY FUND II, LLC** | **NO. 2022-CA-0046** |
| **VERSUS** | |
| **PACIFIC WEST TD FUND LP, LOUISIANA CITIZENS PROPERTY INSURANCE COMPANY FAIR PLAN, AND MAF, INC., D/B/A WORLDCLAIM GLOBAL CLAIMS MANAGEMENT** | |

APPEAL FROM
ST. BERNARD 34TH JUDICIAL DISTRICT COURT
NO. 13-0134, DIVISION "DIVISION D"
Honorable Darren M Roy
* * * * * *
**Judge Tiffany Gautier Chase**
* * * * * *

(Court composed of Judge Rosemary Ledet, Judge Paula A. Brown, Judge Tiffany Gautier Chase)


Richard A. Tonry, II
TONRY BRINSON AND GLORIOSO, LLC
245 Pontchartrain Drive
Slidell, LA 70458

      COUNSEL FOR PLAINTIFFS/APPELLEES


Kermit L. Roux, III

DEUTSCH KERRIGAN, LLP
755 Magazine Street
New Orleans, LA 70130-3672

Isaac H. Ryan
IKE RYAN, APLC
1100 Poydras Street
Suite 2905
New Orleans, LA 70163

      COUNSEL FOR INTERVENOR/APPELLANT

Paul A. Tabary, III
Elizabeth R. Borne
TABARY AND BORNE, LLC
Three Courthouse Square
Chalmette, LA 70043

      COUNSEL FOR DEFENDANT/APPELLANT

**AFFIRMED IN PART;
REVERSED IN PART;
REMANDED
JULY 13, 2022**

*TGC*
*RML*
*PAB*

In this consolidated appeal, the parties seek review of the August 27, 2021 trial court judgment. Louisiana Citizens Property Insurance Corporation (hereinafter "Louisiana Citizens") seeks review of the portion of the judgment granting the motion for attorney's fees and costs filed by plaintiffs PVCA, Inc. and Renola Equity Fund II, LLC (hereinafter collectively "Plaintiffs"). Plaintiffs answer Louisiana Citizens' appeal seeking modification of the interest accrual of the costs and fees award. They also seek attorney's fees and cost for work performed on this appeal. Intervenor, Pacific West TD Fund, LP (hereinafter "Pacific West"), seeks review of the portion of the trial court judgment granting Louisiana Citizens' peremptory exception of *res judicata* and denying Pacific West's motion for attorney's fees and costs. After consideration of the record before this Court and the applicable law, we affirm the portion of the trial court's August 27, 2021 judgment awarding attorney's fees and costs to Plaintiffs and ordering legal interest to accrue as of the date of signing of judgment; reverse the portion granting Louisiana Citizens' exception of *res judicata*; decline to award attorney's fees for this appeal; and remand the matter for further proceedings consistent with this opinion.

1

## FACTS AND PROCEDURAL HISTORY

The underlying facts of this case are set forth in this Court's previous opinion. *See PVCA, Inc. v. Pac. W. TD Fund LP*, 2020-0327, p. 1-3 (La.App. 4 Cir. 1/20/21), 313 So.3d 320, 324-25. In the first appeal, this Court affirmed the trial court's January 13, 2020 judgment in favor of Plaintiffs and deferred all matters related to attorney's fees to a post-trial contradictory hearing. *Id.*, 2020-0327, p. 17, 313 So.3d at 332-33.

By stipulation of the parties, dated November 13, 2019, all matters related to attorney's fees and costs were reserved to a post-trial contradictory hearing. On April 16, 2021, Plaintiffs filed a motion for attorney's fees and costs requesting $878,176.08 in attorney's fees and $269,392.74 in costs, plus judicial interest. Plaintiffs attached documentation of expenditures to their motion. Louisiana Citizens opposed Plaintiffs' request arguing that the amount of fees sought was excessive and unreasonable. On April 28, 2021, Pacific West filed its motion for attorney's fees and costs seeking $685,478.71 in attorney's fees and $39,076.18 in costs, plus judicial interest. In response to Pacific West's request for fees and costs, Louisiana Citizens filed an exception of *res judicata*, arguing that Pacific West was not entitled to attorney's fees.[1] According to Louisiana Citizens, the jury did not specifically award attorney's fees to Pacific West and thus, that issue as to Pacific West was final and barred by *res judicata*.

On August 9, 2021, the issues of attorney's fees and costs proceeded to trial. The trial court issued judgment on August 28, 2021 and awarded Plaintiffs attorney's fees in the amount of $878,176.08 and fees and costs in the amount of

---

[1] Louisiana Citizens also filed exceptions of no right of action and no cause of action, which were denied by the trial court.

$234,056.37; ordered interest to accrue from the date of the signing of judgment; granted Louisiana Citizen's peremptory exception of *res judicata*; and denied Pacific West's motion for attorney's fees and costs. This appeal followed.

## DISCUSSION

There are two appeals before us. In the first appeal, Louisiana Citizens asserts that the attorney's fees and costs award to Plaintiffs is excessive and unreasonable. Plaintiffs answer the appeal seeking modification of the judicial interest accrual date utilized by the trial court. In the second appeal, Pacific West argues the trial court erred in granting Louisiana Citizens' exception of *res judicata* and denying Pacific West an award for attorney's fees and costs. We will discuss each appeal in turn.

## Louisiana Citizens' Appeal

Louisiana Citizens challenges the trial court's attorney's fees and expert costs awarded to Plaintiffs. This Court accords great discretion to the trial court in awarding attorney's fees as well as costs, including expert witness fees, deposition costs and related expenses. *Bd. of Supervisors of Louisiana State Univ. v. S. Elecs., Inc.*, 2017-0722, p. 6 (La.App. 4 Cir. 6/6/18), 317 So.3d 865, 871-72 (citation omitted); *Watters v. Department of Social Services*, 2008-0977, pp. 49-50 (La.App. 4 Cir. 6/17/09), 15 So.3d 1128, 1162. Thus, this Court will not modify the trial court's award of attorney's fees and costs absent a showing of an abuse of discretion. *S. Elecs., Inc.*, 2017-0722, p. 6, 317 So.3d at 872; *Watters*, 2008-0977, p. 49, 15 So.3d at 1162.

### *Attorney's Fees*

Louisiana Citizens asserts the attorney's fees awarded by the trial court were unreasonable and excessive. The crux of their argument is that the trial court erred

3

in using the contingency fee agreement as the basis for the amount of the attorney's fees award and that the trial court failed to consider all reasonableness factors in determining the amount of the award. In its reasons for judgment, the trial court analyzed the attorney's fees pursuant to the factors outlined in the Rules of Professional Conduct, Rule 1.5(a) and awarded Plaintiffs $878,176.08 in attorney's fees.[2] The trial court considered the following in determining its calculation:

| | |
|---|---|
| Jury damages award: | $1,143,184.00 |
| Loss of rental income award: | $810,000.00 |
| La. R.S 22:1892 penalty award: | $571,592.00 |
| **Total amount awarded:** | **$2,524,776.00** |

One-third of the total amount awarded amounts to $833,176.08 and the trial court awarded an additional $45,000.00 in attorney's fees for the appeal, which totaled $878,176.08.

Generally, Louisiana only allows for an award of attorney's fees when fees are either provided for in a contractual agreement or authorized by statute. *Bd. of Sup'rs of Louisiana State Univ. v. Boudreaux's Tire & Auto Repair, L.L.C.*, 2013-

_____

[2] Louisiana Rules of Professional Conduct, Rule 1.5(a):

> A lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses. The factors to be considered in determining the reasonableness of a fee include the following:
> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
> (3) the fee customarily charged in the locality for similar legal services;
> (4) the amount involved and the results obtained;
> (5) the time limitations imposed by the client or by the circumstances;
> (6) the nature and length of the professional relationship with the client;
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
> (8) whether the fee is fixed or contingent.

0444, p. 9 (La.App. 4 Cir. 3/5/14), 133 So.3d 1262, 1269. Plaintiffs sought

attorney's fees and costs pursuant to La. R.S. 22:1892(B), which provides that

reasonable attorney's fees and costs may be awarded in bad faith claims.[3] The

January 13, 2020 judgment indicates that the jury determined that Louisiana

Citizens breached its duty of good faith and awarded Plaintiffs a 50% bad faith

penalty pursuant to La. R.S. 22:1973.[4] Likewise, the contingency fee agreement

---

[3] La. R.S. 22:1892(B):

> (1)(a) Except as provided in Subparagraph (b) of this Paragraph, failure to make such payment within thirty days after receipt of such satisfactory written proofs and demand therefor or failure to make a written offer to settle any property damage claim, including a third-party claim, within thirty days after receipt of satisfactory proofs of loss of that claim, as provided in Paragraphs (A)(1) and (4) of this Section, respectively, or failure to make such payment within thirty days after written agreement or settlement as provided in Paragraph (A)(2) of this Section when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater, payable to the insured, or in the event a partial payment or tender has been made, fifty percent of the difference between the amount paid or tendered and the amount found to be due as well as reasonable attorney fees and costs. Such penalties, if awarded, shall not be used by the insurer in computing either past or prospective loss experience for the purpose of setting rates or making rate filings.
> (b) In the case of a presidentially or gubernatorially declared disaster, failure to make such payment within thirty days after receipt of such satisfactory written proofs and demand therefor or failure to make a written offer to settle any property damage claim, including a third-party claim, within thirty days after receipt of satisfactory proofs of loss of that claim, as provided in Paragraphs (A)(1) and (4) of this Section, respectively, or failure to make such payment within thirty days after written agreement or settlement as provided in Paragraph (A)(2) of this Section when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or two thousand five hundred dollars, whichever is greater, payable to the insured, or in the event a partial payment or tender has been made, fifty percent of the difference between the amount paid or tendered and the amount found to be due as well as reasonable attorney fees and costs or two thousand five hundred dollars, whichever is greater. The penalties, if awarded, shall not be used by the insurer in computing either past or prospective loss experience for the purpose of setting rates or making rate filings.

[4] La. R.S. 22:1973:

> A. An insurer, including but not limited to a foreign line and surplus line insurer, owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who

5

between Plaintiffs and their counsel allowed for attorney's fees in the amount of one-third of the gross settlement amount. As the award of attorney's fees is statutorily mandated and outlined in the contingency fee agreement, we need only determine whether the amount awarded was reasonable.

"When considering the reasonableness of the amount of attorney's fees awarded, we must consider the totality of the trial, including but not limited to the length of trial, complexity of the issues, large amount of evidence and testimony presented, and the trial court's benefit of having witnessed the trial first-hand." *S. Elecs., Inc.*, 2017-0722, p. 12, 317 So.3d at 874. The Louisiana Supreme Court has established the essential factors a court should consider when determining a reasonable award of attorney's fees as follows:

breaches these duties shall be liable for any damages sustained as a result of the breach.

B. Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties imposed in Subsection A of this Section:

(1) Misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue.

(2) Failing to pay a settlement within thirty days after an agreement is reduced to writing.

(3) Denying coverage or attempting to settle a claim on the basis of an application which the insurer knows was altered without notice to, or knowledge or consent of, the insured.

(4) Misleading a claimant as to the applicable prescriptive period.

(5) Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause.

(6) Failing to pay claims pursuant to R.S. 22:1893 when such failure is arbitrary, capricious, or without probable cause.

C. In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater. Such penalties, if awarded, shall not be used by the insurer in computing either past or prospective loss experience for the purpose of setting rates or making rate filings.

D. The provisions of this Section shall not be applicable to claims made under health and accident insurance policies.

E. Repealed by Acts 1997, No. 949, § 2.

F. The Insurance Guaranty Association Fund, as provided in R.S. 22:2051 et seq., shall not be liable for any special damages awarded under the provisions of this Section.

6

> (1) the ultimate result obtained; (2) the responsibility incurred; (3) the importance of the litigation; (4) amount of money involved; (5) extent and character of the work performed; (6) legal knowledge, attainment, and skill of the attorneys; (7) number of appearances made; (8) intricacies of the facts involved; (9) diligence and skill of counsel and (10) the court's own knowledge.

*State, Dep't of Transp. & Dev. v. Williamson*, 597 So.2d 439, 442 (La. 1992). While the trial court's reasons for judgment analyze the reasonableness of attorney's fees under the factors outlined in Louisiana Rules of Professional Conduct, Rule 1.5, we note that those factors are intertwined and often referred to as the *Williamson* factors. Additionally, "[w]hile trial courts are not bound to award fees consistent with a contingency fee agreement, courts may certainly consider contingency agreements when awarding fees." *Boudreaux's Tire & Auto Repair*, 2013-0444, p. 11, 133 So.3d at 1271 (citations omitted). "In fact, this Court has affirmed fee awards consistent with contingent fee agreements." *Id.*, 2013-0444, p. 12, 133 So.3d at 1271 (citing *Vela v. Plaquemines Parish Gov't*, 2000–2221, pp. 26–28 (La.App. 4 Cir. 3/13/02), 811 So.2d 1263, 1280–81).

In the case *sub judice*, the trial court applied several factors in determining the amount of attorney's fees noting the complexity of the case, the amount of money involved, the knowledge and skill of the attorneys, and the significant amount of time preparing for trial. The trial court never indicated that it was bound by the contingency fee agreement; rather, the trial court noted that the attorney's fees sought amounted to one-third of Plaintiffs' award and determined that amount to be reasonable given the nature of the litigation. Additionally, the parties thoroughly briefed the issue of attorney's fees and the trial court conducted a thorough hearing on the issue. The fact that the trial court's award is consistent with the contingency fee agreement does not alone amount to an abuse of

7

discretion. *See Boudreaux's Tire & Auto Repair*, 2013-0444, p. 12, 133 So.3d at 1271. Based on the record before this Court, we cannot conclude that the trial court abused its discretion in its award of attorney's fees to Plaintiffs.

### *Expert Fees*

Louisiana Citizen maintains that the trial court abused its discretion by awarding Plaintiffs an unreasonable amount in expert testimony fees and costs for expert reports used at trial.[5] The trial court awarded the following in expert costs and fees:

Expert Testimony Fees

- Rick Murphy- expert appraiser $1,320.00
- Daniel Sheehan- expert engineer $3,400.00
- Micah Bass- expert water remediation $13,750.00
- Michael Fusco- expert adjuster $15,000.00
- **Total** **$33,470.00**

Expert Reports Used at Trial

- Murphy Appraisal Service (Rick Murphy) $5,250.00
- Daniel Sheehan engineer report $2,400.00
- Emergency Services 24 (Micah Bass) $29,021.25
- Worldclaim (Michael Fusco) $150,000.00
- **Total** **$186,671.25**

"The determination of the reasonableness of an expert fee award turns on the particular facts and circumstances of the case." *Bd. of Sup'rs of Louisiana State Univ. & Agr. & Mech. Coll. v. 1732 Canal St., L.L.C.*, 2013-0976, p. 12 (La.App. 4

---

[5] Louisiana Citizens does not challenge the trial court's award to Plaintiffs for deposition costs and "other" costs, which when combined with the above referenced award amounts to $234,056.37 awarded in costs.

Cir. 1/15/14), 133 So.3d 109, 119-20. Multiple factors are utilized in determining the reasonableness of an expert fee award, including: "the time spent testifying; time spent in preparing for trial; the extent and nature of the work performed; the knowledge, attainments and skill of the report; the helpfulness of the expert's report and testimony to the trial court; and the complexity of the problem addressed by the expert." *FIE, LLC v. New Jax Condo Ass'n, Inc.*, 2016-0843, p. 51 (La.App. 4 Cir. 2/21/18, 241 So.3d 372, 405. However, the most important factor in determining an expert fee award is that the award be reasonable. *1732 Canal St., L.L.C.*, 2013-0976, p. 13, 133 So.3d at 120.

Louisiana Citizens contends the trial court abused its discretion by awarding separate fees for the expert time testifying at trial and the expert reports used at trial. It asserts that the law allows for costs regarding time spent testifying at trial, not additional expenses obtained outside of that timeframe. Additionally, Louisiana Citizens maintains that the expert testimony fees awarded are unreasonable and not warranted based on the time the experts actually spent testifying at trial.

"[T]he court may render judgment for costs, or any part thereof, against any party, as it may consider equitable." La. C.C.P. art. 1920. La. R.S. 13:3666(A) provides:

> Witnesses called to testify in court only to an opinion founded on special study or experience in any branch of science, or to make scientific or professional examinations, and to state the results thereof, shall receive additional compensation, to be fixed by the court, with reference to the value of time employed and the degree of learning or skill required.

"Expert witness fees for testifying at trial and for time spent preparing for that testimony are recoverable." *Bd. of Supervisors of Louisiana State Univ. v. Gerson*, 2017-0229, p. 32 (La.App. 4 Cir. 11/14/18), 260 So.3d 634, 656 (quoting *Bayou*

*Fleet, Inc. v. Bollinger Shipyards, Inc.*, 2015-0702, p. 21 (La.App. 4 Cir. 7/21/16), 197 So.3d 797, 811).

It is undisputed that the Plaintiffs' experts testified at trial. However, Louisiana Citizens' complaint is that the amount of time spent at trial does not justify the fees awarded and that experts are not entitled to recover fees for preparation of the case. Specifically, Louisiana Citizens objects to the expert testimony fees awarded to Daniel Sheehan, Michael Fusco and Micah Bass. As noted, a trial court is allowed to award fees for expert witness testimony. *Gerson*, 2017-0229, p. 32, 260 So.3d at 656. Regardless of the actual amount of time spent testifying, the experts are entitled to be compensated for their expert testimony. Our jurisprudence allows for recovery of "an expert's trial preparation and development of facts on which the expert's opinions are based." *1732 Canal St., L.L.C.*, 2013-0976, p. 26, 133 So.3d at 127. The trial court pointed out that it only included the time spent in preparation for trial and at trial, and removed any other fees.[6] The purpose of Plaintiffs' experts was to provide evidentiary support in order to demonstrate satisfactory proof loss for their insurance claim. The record supports Plaintiffs' contention that the experts spent significant time performing work associated with establishing Plaintiffs' satisfactory proof of loss.

We likewise find no merit to Louisiana Citizens' assertion that Plaintiffs' experts should not also be compensated for preparing the report, La. R.S. 13:3666 "in no way prevents the trial court from awarding court costs for the preparation of [an expert's] report. It simply allows, in the trial court's discretion, for "additional compensation" to be awarded should [the expert] be required to testify in court."

---

[6] The trial court reduced the expert testimony fees to include only the time in preparation for trial or the time at trial. The trial court removed any fees associated with travel expenses such as travel time, mileage, hotels or meals.

*Burtner v. Lafayette Par. Consol. Gov't*, 2014-1180, p. 12 (La.App. 3 Cir. 4/15/15), 176 So.3d 1056, 1065. The expert reports used at trial were the reports from the experts who testified at trial. The trial court is allowed to consider the knowledge, attainments and skill of the expert, as well as the helpfulness of the expert report. *See FIE, LLC,* 2016-0843, p. 51, 241 So.3d at 405. Accordingly, we find the record supports the expert fees awarded and find no abuse of discretion by the trial court.

### *Answer to Louisiana Citizens' Appeal*

In its answer to appeal, Plaintiffs seek modification of the judicial interest accrual date implemented for the attorney's fees and costs. The trial court awarded judicial interest from the date of the signing of judgment. Plaintiffs argue that judicial interest should accrue from the date of judicial demand.

The Louisiana Supreme Court has expressly held that interest on attorney's fees begins to run only on the date of judgment, not from the date of judicial demand. *Sharbono v. Steve Lang & Son Loggers*, 1997-0110, p. 10 (La. 7/1/97), 696 So.2d 1382, 1388-89. In distinguishing between judicial interest on damages awarded and judicial interest on attorney's fees, the Louisiana Supreme Court stated that "[b]ecause attorney's fees awards depend for their very existence upon a discretionary finding of the trier of fact, any amount of attorney's fees awarded to the victor is 'due' only from the date of judgment. Prior to the time, the victor was not entitled to those funds." *Id.*, 1997-0110, pp. 9-10, 696 So.2d at 1388-89. Thus, we find the trial court did not err in awarding judicial interest on the attorney's fees and costs from the date of the signing of judgment.

Plaintiffs also request an additional award of attorney's fees for their post-judgment work on appeal. It is well settled that,

> [A]ttorney fees [are] usually awarded where a party who was awarded attorney fees by the trial court is forced to and successfully defends an appeal. The award of additional attorney fees is to keep the appellate judgment consistent with the underlying judgment. To determine the amount of attorney fees, factors that are considered include "the skill exercised by the attorney and the time and work required on appeal."

*Maldonado v. Cannizzaro*, 2018-0177, p. 14 (La.App. 4 Cir. 10/10/18), 257 So.3d 733, 743, *writ denied*, 2018-1749 (La. 1/8/19), 260 So.3d 591 (quoting *State of Louisiana Dept. of Transp. & Develop. v. Monteleone*, 2011-1013, p. 34 (La.App. 5 Cir. 11/13/12), 106 So.3d 153, 174); *See also Gloria's Ranch, L.L.C. v. Tauren Expl., Inc.*, 2017-1518, 2017-1519, 2017-1522, p. 23 (La. 6/27/18), 252 So.3d 431, 446.

Although Plaintiffs have successfully defended this appeal, we find it difficult, based on the record before this Court, to sufficiently ascertain the appropriate amount of an additional award of attorney's fees. *See 1732 Canal St., L.L.C.*, 2013-0976, p. 34, 133 So.3d at 131 ("the difficulty in determining this additional award of attorney[']s fees is the result…of the fact that the post-judgment work on appeal encompasses not only the instant appeal, but also the prior appeal of the judgment on the merits… ."); *see also State, Dep't of Transp. & Dev. v. Monteleone*, 2011-1013, p. 34 (La.App. 5 Cir. 11/13/12), 106 So.3d 153, 174. Accordingly, we decline to award attorney's fees for this appeal and remand this matter for a hearing on the issue.

### **Pacific West's Appeal**

Pacific West asserts two assignments of error: (1) the trial court erred in granting Louisiana Citizens' exception of *res judicata* and (2) the trial court erred in denying its motion for attorney's fees. We begin our analysis by discussing the exception of *res judicata*.

12

***Exception of Res Judicata***

Pacific West asserts the trial court erred in granting the exception of *res judicata* because the issue of its attorney's fees and costs was never previously litigated. Conversely, Louisiana Citizens maintains that the jury made no award specifically to Pacific West that triggered its right to attorney's fees. Thus, according to Louisiana Citizens, once the January 13, 2020 trial court judgment became final, all issues relating to attorney's fees and costs were barred.

"The standard of review of a peremptory exception of *res judicata* requires an appellate court to determine if the trial court's decision is legally correct or incorrect." *BBCL Enterprises, LLC v. Am. Alternative Ins. Corp.*, 2015-0469, p. 3 (La.App. 4 Cir. 2/3/16), 187 So.3d 65, 67 (quoting *Myers v. Nat'l Union Fire Ins. Co. of Louisiana*, 2009-1517, p. 5 (La.App. 4 Cir. 5/19/10), 43 So.3d 207, 210). "We review factual issues relating to an exception of *res judicata* on a manifest error/clearly wrong basis." *Id*. (quoting *Countrywide Home Loans Servicing, LP v. Thomas*, 2012-1304, p. 3 (La.App. 4 Cir. 3/20/13), 113 So.3d 355, 357).

The doctrine of *res judicata* prohibits the re-litigation of an issue, arising out the same factual circumstances, validated by a final judgment. *Igbokwe v. Moser*, 2012-1366, p. 4 (La.App. 4 Cir. 4/24/13), 116 So.3d 727, 730. The exceptor is tasked with proving the essential elements of the doctrine of *res judicata* by a preponderance of the evidence. *Id*. The doctrine of *res judicata* is codified in La. R.S. 13:4231, which provides:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
>
> (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or

occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.

(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.

(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

Five elements must be satisfied for a determination that a second action, on an issue, is precluded by *res judicata*:

(1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of the final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation.

*Igbokwe*, 2012-1366, p. 5, 116 So.3d at 731. It is undisputed that the January 13, 2020 judgment is a valid final judgment and that the parties are the same. Accordingly, our analysis focuses on the fourth element of the doctrine of *res judicata*: namely, whether the cause of action for attorney's fees existed at the time of the first trial.

The January 13, 2020 judgment awarded attorney's fees and costs to Plaintiffs, but did not specifically name Pacific West in the judgment. While Louisiana Citizens asserts that the jury's silence on the issue in the first trial indicates a denial of an attorney's fees award to Pacific West, the record reflects that this particular issue was never presented to the jury. The narrow issue before this Court today is whether Pacific West's request for attorney's fees and costs was specifically litigated in the first trial. We find that it was not. Pacific West and PVCA were aligned in such a manner that it was contemplated that Pacific West

14

would benefit from the November 13, 2019 stipulation.[7] All parties: PVCA, Renola Equity Fund, II, LLC, Pacific West, and Louisiana Citizens signed the November 13, 2019 stipulation and agreed to reserve "all matters related to an award of attorney's fees and cost" to be decided by the trial court judge in a post-trial contradictory hearing.[8] Thus, since the issue of Pacific West's attorney's fees was never litigated and decided, the trial court erred in granting the exception of *res judicata*.

### *Attorney's Fees*

Although we find that the trial court erred in granting the exception of *res judicata*, we find the record insufficient to establish whether Pacific West is entitled to attorney's fees and, if so, the appropriate amount of such fees due to Pacific West. Therefore, we remand the matter for a determination of the amount of attorney's fees due to Pacific West.

---

[7] An award of attorney's fees is only allowed by statute or contractual agreement. *Boudreaux's Tire & Auto Repair, L.L.C.*, *supra*. Pacific West relies on La. R.S. 22:1892(B)(1) for its assertion that it is entitled to attorney's fees because Louisiana Citizens was found to have acted in bad faith in failing to timely pay Plaintiffs' insurance claim. The purpose of La. R.S. 22:1892 is to "provide remedies to insureds whose insurance claims are improperly handled or to whom payment is unreasonably delayed." *Lee v. Sapp*, p. 7, 2017-0490 (La.App. 4 Cir. 12/6/17), 234 So.3d 122, 128 (citation omitted). "It is generally agreed that an insurer's duties run primarily in favor of its insured as an outgrowth of duties that have their foundation in the contract between the parties. It is the relationship of the parties that gives rise to the implied covenant of good faith and fair dealing." *Theriot v. Midland Risk Ins. Co.*, 1995-2895, p. 15 (La. 5/20/97), 694 So.2d 184, 193. Thus, the purpose of a penalty statute is the bad faith conduct of the insurer relative to its relationship with the policy holder. The core justification of a penalty statute is to discourage the bad faith conduct of the insurer towards the policy holder not the mortgagee. *See Sultana Corp. v. Jewelers Mut. Ins. Co.*, 2003-0360, p. 7 (La. 2/3/03), 860 So.2d 1112, 1118 (quoting *Midland Risk Ins. Co. v. State Farm Mut. Auto. Ins. Co.*, 1993-0161, p. 5 (La.App. 3 Cir. 9/21/94), 643 So.2d 242, 244) ("[p]enalties are imposed to discourage certain types of conduct by an insurer.").

[8] The stipulation specifically provides:

> Now into Court, comes PVCA, Inc., Renola Equity Fund II, LLC, Pacific West TD Fund, LP, and Louisiana Citizens Property Insurance Company Fair Plan who stipulate to the following:
> The parties stipulate and agree that all matters related to an award of attorney's fees and costs shall be reserved and deferred to a post[-]trial contradictory hearing decided by the Honorable Darren M. Roy and not by the jury.

## CONCLUSION

Based on the foregoing, we affirm the portion of the trial court's August 27, 2021 judgment awarding attorney's fees and costs to Plaintiffs and ordering legal interest to accrue as of the date of signing of judgment; reverse the portion granting Louisiana Citizens' exception of *res judicata*; decline to award attorney's fees for this appeal; and remand the matter for further proceedings consistent with this opinion.

**AFFIRMED IN PART;**
**REVERSED IN PART;**
**REMANDED**